# EXHIBIT A

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

Mike Thurmon, et al.

**CIVIL ACTION NUMBER**   10C-08483-3

**PLAINTIFF**

### VS.

Georgia-Pacific, LLC, et al.

**DEFENDANT**

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** GENERAL ELECTRIC COMPANY, PREVIOUSLY DENOMINATED AS JOHN DOE NO. 3

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

    Robert C. Buck
    BUCK LAW FIRM
    1050 Crown Pointe Parkway, Suite 940
    Atlanta, GA 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 1st day of April ,20 11 .

**Tom Lawler**
**Clerk of State Court**

By: _____
**Deputy Clerk**

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

COCSC-1 Revised 12-99

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA.

2010 JUN -3 PM 1: 06

TOM LAWLER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MIKE THURMON, MARY K.
THURMON, HELEN JOHNSON,
WILLIAM H. THURMON, JR.,
GEORGE THURMON, ESTHER
RHIDENHOUR, MARK THURMON,
PATRICIA GUTHRIE, JOAN
GREENLEES, and JULIE
CHAMBERS, in their capacities as the
surviving children of WILLIAM H.
THURMON, SR., deceased; and JIM
CHAMBERS, in his capacity as
Executor of the Estate of WILLIAM H.
THURMON, SR., deceased;

    PLAINTIFFS,

VS.

GEORGIA-PACIFIC, LLC;
A.W. CHESTERTON, INC.; BAYER
CROPSCIENCE, INC. f/k/a Aventis
Cropscience, USA, Inc., as Successor to
Amchem Products, Inc.; BINGHAM
INDUSTRIES CORPORATION; CBS
CORPORATION f/k/a Viacom, Inc.,
Successor by merger to CBS
Corporation f/k/a Westinghouse Electric
Corporation; CERTAINTEED
CORPORATION; CLEAVER-
BROOKS, INC. f/k/a Aqua-Chem, Inc.;
CRANE CO.; CROWN CORK & SEAL
USA, INC.; DAP PRODUCTS, INC.;
EATON CORPORATION, individually
and as successor in interest to CUTLER-
HAMMER, INC.; EXXON MOBIL
CORPORATION; FAIRBANKS
MORSE PUMP CORPORATION;
FLOWSERVE US, INC.; FOSTER
WHEELER NORTH AMERICA
CORP.; GARLOCK SEALING
TECHNOLOGIES, LLC; GENERAL
REFRACTORIES COMPANY;
GOULDS PUMPS, INC.; GRINNELL

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.:

**10  C - 0 8 4 8 3 - 3**

- 1 -

CORPORATION; HONEYWELL )
INTERNATIONAL, INC.; )
INDUSTRIAL HOLDINGS )
CORPORATION f/k/a Carborundum; )
INGERSOLL-RAND COMPANY; )
IREX CORPORATION; JOHN )
CRANE, INC.; MAREMONT )
CORPORATION; MONSANTO )
COMPANY; NATIONAL SERVICE )
INDUSTRIES, INC., f/k/a NORTH )
BROS.; THE OKONITE COMPANY, )
INC.; PFIZER, INC.; SCAPA )
WAYCROSS, INC.; SCHNEIDER )
ELECTRIC USA, INC., )
f/k/a SQUARE D COMPANY; )
SEPCO CORPORATION; )
3M COMPANY;  UNION CARBIDE )
CORPORATION; UNIROYAL, INC.; )
VIMASCO CORPORATION; )
WARREN PUMPS, LLC f/k/a )
WARREN PUMPS, INC.; )
THE WILLIAM POWELL )
COMPANY; WORTHINGTON PUMP, )
INC.; YARWAY CORPORATION; and )
JOHN DOES NO. 1-10. )
)
            DEFENDANTS. )

## COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

COME NOW Plaintiffs, MIKE THURMON, MARY K. THURMON, HELEN

JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER

RHIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES,

and JULIE CHAMBERS, in their capacities as the surviving children of WILLIAM H.

THURMON, SR., deceased, an adult resident and citizen of the State of Georgia, as well

as JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H.

THURMON, deceased, and state their Complaint for Wrongful Death and Damages as

follows:

## INTRODUCTION

1.      This asbestos product liability action arises from the injuries and death of
WILLIAM H. THURMON, SR. who was diagnosed with, and later died from,
complications associated with malignant pleural mesothelioma. Malignant pleural
mesothelioma is a rapidly debilitating and fatal form of cancer affecting the lining of an
individual's lungs, the only known cause of which in North America is asbestos
exposure. The decedent's injuries and death were the direct and proximate result of his
exposure to asbestos-containing products that were designed, produced, manufactured,
packaged, distributed and/or sold by the named Defendants and/or their predecessors in
interest. This action seeks to recover for the pre-death injuries and pain and suffering of
WILLIAM H. THURMON, SR., as well as his homicide and wrongful death caused by
the Defendant's acts and omissions.

## PARTIES

2.      The decedent, WILLIAM H. THURMON, SR., was a resident and citizen of
Jesup, Wayne County, State of Georgia.

3.      At the time of his death, WILLIAM H. THURMON, SR. was a widower, having
ten surviving children, each of whom has been named as a party Plaintiff to this action.

4.      WILLIAM H. THURMON, SR. was diagnosed as suffering from mesothelioma
in November of 2009.

5.      WILLIAM H. THURMON, SR. died as a result of complications associated with
his mesothelioma condition on or about December 27, 2009.

6.      Plaintiff MIKE THURMON is the natural child of WILLIAM H. THURMON,
SR. Plaintiff MIKE THURMON is a statutory beneficiary under Georgia law in regard

-3-

to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff MIKE THURMON is a resident and citizen of Gwinnett County, State of Georgia.

7.      Plaintiff MARY K. THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff MARY K.THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff MARY K. THURMON is a resident and citizen of Wayne County, State of Georgia.

8.      Plaintiff HELEN JOHNSON is the natural child of WILLIAM H. THURMON, SR. Plaintiff HELEN JOHNSON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff HELEN JOHNSON is a resident and citizen of Dallas County, State of Texas.

9.      Plaintiff WILLIAM H. THURMON, JR. is the natural child of WILLIAM H. THURMON, SR. Plaintiff WILLIAM H. THURMON, JR. is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff WILLIAM H. THURMON, JR. is a resident and citizen of Pierce County, State of Georgia.

10.     Plaintiff GEORGE THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff GEORGE THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff GEORGE THURMON is a resident and citizen of Duval County, State of Florida.

11.     Plaintiff ESTHER RHIDENHOUR is the natural child of WILLIAM H. THURMON, SR. Plaintiff ESTHER RHIDENHOUR is a statutory beneficiary under

Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff ESTHER RHIDENHOUR is a resident and citizen of Palm Beach County, State of Florida.

12.    Plaintiff MARK THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff MARK THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff MARK THURMON is a resident and citizen of Columbia County, State of Georgia.

13.    Plaintiff PATRICIA GUTHRIE is the natural child of WILLIAM H. THURMON, SR. Plaintiff PATRICIA GUTHRIE is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff PATRICIA GUTHRIE is a resident and citizen of Pierce County, State of Washington.

14.    Plaintiff JOAN GREENLEES is the natural child of WILLIAM H. THURMON, SR. Plaintiff JOAN GREENLEES is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff JOAN GREENLEES is a resident and citizen of Bulloch County, State of Georgia.

15.    Plaintiff JULIE CHAMBERS is the natural child of WILLIAM H. THURMON, SR. Plaintiff JULIE CHAMBERS is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff JULIE CHAMBERS is a resident and citizen of Bulloch County, State of Georgia.

16.    At the time of his death, Plaintiff WILLIAM H. THURMON, SR. had a valid will serving to name JIM CHAMBERS as the Executor of the Estate of WILLIAM H. THURMON, SR.

17.    JIM CHAMBERS is a resident and citizen of the State of Georgia residing in Bulloch County, State of Georgia.

18.    The Defendants in this action include both domestic and foreign corporations who have registered to do business in the State of Georgia with Georgia Secretary of State, or, alternatively, are entities that have affirmatively placed asbestos-containing products into the stream of commerce with the reasonable expectation and knowledge that such asbestos-containing products would be bought, sold, distributed, and put to use within the State of Georgia, as well as other states within the United States of America. There is a lack of complete diversity between the parties as Plaintiffs and certain Defendants are deemed to be citizens of the State of Georgia.

19.    Defendant GEORGIA-PACIFIC, LLC is a corporation incorporated under the laws of the state of Georgia that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  GEORGIA-PACIFIC, LLC maintains its principal place of business at 133 Peachtree Street, NE, Georgia-Pacific Center, Atlanta, Georgia 30303.  Defendant GEORGIA-PACIFIC, LLC is the successor in interest to Georgia-Pacific Corporation.

20.    Defendant GEORGIA-PACIFIC, LLC may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

21.    Defendant GEORGIA-PACIFIC, LLC is subject to the jurisdiction and venue of this court.

- 6 -

22. Defendant A.W. CHESTERTON, INC. is a Delaware corporation that has failed to register with the Georgia Secretary of State. A.W. CHESTERTON, INC. maintains its principal place of business in Woburn, Massachusetts.

23. Defendant A.W. CHESTERTON, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

24. Defendant A.W. CHESTERTON, INC. is subject to the jurisdiction and venue of this court.

25. Defendant BAYER CROPSCIENCE, INC. f/k/a Aventis Cropscience, USA, Inc., as Successor to Amchem Products, Inc., is a New York corporation that has failed to register with the Georgia Secretary of State. BAYER CROPSCIENCE, INC. maintains its principal place of business at 2 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

26. Defendant BAYER CROPSCIENCE, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 80 State Street, Albany, New York 12207.

27. Defendant BAYER CROPSCIENCE, INC. is subject to the jurisdiction and venue of this court.

28. Defendant BINGHAM INDUSTRIES CORPORATION is a Washington corporation that has failed to duly register with the Georgia Secretary of State. BINGHAM INDUSTRIES CORPORATION maintains its principal place of business at 17631 147th Street, SE, #6, Monroe, Washington 98272.

- 7 -

29.     Defendant BINGHAM INDUSTRIES CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Gary Bingham, at 17361 147th Street, SE, #6, Monroe, Washington 98272.

30.     Defendant BINGHAM INDUSTRIES CORPORATION is subject to the jurisdiction and venue of this court.

31.     Defendant CBS CORPORATION f/k/a Viacom, Inc., Successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  CBS CORPORATION maintains its principal place of business at 51 West 52nd Street, New York, New York 10019.

32.     Defendant CBS CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

33.     Defendant CBS CORPORATION is subject to the jurisdiction and venue of this court.

34.     Defendant CERTAINTEED CORPORATION is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  CERTAINTEED CORPORATION maintains its principal place of business at 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482.

35.     Defendant CERTAINTEED CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

- 8 -

36.     Defendant CERTAINTEED CORPORATION is subject to the jurisdiction and venue of this court.

37.     Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. CLEAVER-BROOKS, INC. maintains its principal place of business at 11950 W. Lake Park Drive, Milwaukee, Wisconsin 53224.

38.     Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

39.     Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. is subject to the jurisdiction and venue of this court.

40.     Defendant CRANE CO. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  CRANE CO. maintains its principal place of business at 100 First Stamford Place, Stamford, Connecticut 06902.

41.     Defendant CRANE CO. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

42.     Defendant CRANE CO. is subject to the jurisdiction and venue of this court.

43.     Defendant CROWN CORK & SEAL USA, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact

- 9 -

business in the State of Georgia. CROWN CORK & SEAL USA, INC. maintains its

principal place of business at 1 Crown Way, Philadelphia, Pennsylvania 19154.

44.     Defendant CROWN CORK & SEAL USA, INC. may be served with Summons

and Complaint through its registered agent for service of process, C. T. Corporation

System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

45.     Defendant CROWN CORK & SEAL USA, INC. is subject to the jurisdiction and

venue of this court.

46.     Defendant DAP PRODUCTS, INC. is a Delaware corporation that is duly

registered with the Georgia Secretary of State and otherwise authorized to transact

business in the State of Georgia. DAP PRODUCTS, INC. maintains its principal place of

business at 2400 Boston Street, Suite 200, Baltimore, Maryland 21224.

47.     Defendant DAP PRODUCTS, INC. may be served with Summons and Complaint

through its registered agent for service of process, Prentice-Hall Corporation System, 40

Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

48.     Defendant DAP PRODUCTS, INC. is subject to the jurisdiction and venue of this

court.

49.     Defendant EATON CORPORATION, individually and as successor in interest to

CUTLER-HAMMER, INC., is an Ohio corporation that is duly registered with the

Georgia Secretary of State and otherwise authorized to transact business in the State of

Georgia. EATON CORPORATION maintains its principal place of business at Eaton

Center, Cleveland, Ohio 44114.

50.     Defendant EATON CORPORATION, individually and as successor in interest to

CUTLER-HAMMER, INC., may be served with Summons and Complaint through its

- 10 -

registered agent for service of process, Corporation Process Company, located at 2180
Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

51.     Defendant EATON CORPORATION, individually and as successor in interest to
CUTLER-HAMMER, INC., is subject to the jurisdiction and venue of this court.

52.     Defendant EXXON MOBIL CORPORATION is a New Jersey corporation that is
duly registered with the Georgia Secretary of State and otherwise authorized to transact
business in the State of Georgia.  EXXON MOBIL CORPORATION maintains its
principal place of business at 5959 Las Colinas Blvd., Irving, Texas 75039.

53.     Defendant EXXON MOBIL CORPORATION may be served with Summons and
Complaint through its registered agent for service of process, Prentice-Hall Corporation,
located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

54.     Defendant EXXON MOBIL CORPORATION is subject to the jurisdiction and
venue of this court.

55.     Defendant FAIRBANKS MORSE PUMP CORPORATION is a Kansas
corporation that has failed to duly register with the Georgia Secretary of State.
FAIRBANKS MORSE PUMP CORPORATION maintains its principal place of business
at 13515 Ballantyne Corporate Place, Charlotte, North Carolina 28277.

56.     Defendant FAIRBANKS MORSE PUMP CORPORATION may be served with
Summons and Complaint through its registered agent for service of process, The
Corporation Company, Inc., located at 515 S. Kansas Avenue, Topeka, Kansas 66603.

57.     Defendant FAIRBANKS MORSE PUMP CORPORATION is subject to the
jurisdiction and venue of this court.

- 11 -

58.     Defendant FLOWSERVE US, INC. is a Delaware corporation that is duly
registered with the Georgia Secretary of State and otherwise authorized to transact
business in the State of Georgia.  FLOWSERVE US, INC. maintains its principal place
of business at 5215 N. O'Connor Boulevard, #2300, Irving, Texas 75039.

59.     Defendant FLOWSERVE US, INC. may be served with Summons and Complaint
through its registered agent for service of process, C. T. Corporation System, located at
1201 Peachtree Street, NE, Atlanta, Georgia 30361.

60.     Defendant FLOWSERVE US, INC. is subject to the jurisdiction and venue of this
court.

61.     Defendant FOSTER WHEELER NORTH AMERICA CORPORATION is a
Delaware corporation that is duly registered with the Georgia Secretary of State and
otherwise authorized to transact business in the State of Georgia.  FOSTER WHEELER
NORTH AMERICA CORPORATION maintains its principal place of business at
Perryville Corporate Park, Clinton, New Jersey 08809.

62.     Defendant FOSTER WHEELER NORTH AMERICA CORPORATION may be
served with Summons and Complaint through its registered agent for service of process,
C.T. Corporation System, located at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

63.     Defendant FOSTER WHEELER NORTH AMERICA CORPORATION is
subject to the jurisdiction and venue of this court.

64.     Defendant GARLOCK SEALING TECHNOLOGIES, LLC is a North Carolina
corporation that is duly registered with the Georgia Secretary of State and otherwise
authorized to transact business in the State of Georgia. GARLOCK SEALING

- 12 -

TECHNOLOGIES, LLC maintains its principal place of business at 1666 Division Street, Palmyra, New York 14522.

65.      Defendant GARLOCK SEALING TECHNOLOGIES, LLC may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

66.      Defendant GARLOCK SEALING TECHNOLOGIES, LLC is subject to the jurisdiction and venue of this court.

67.      Defendant GENERAL REFRACTORIES COMPANY is a Pennsylvania corporation that has failed to duly register with the Georgia Secretary of State. GENERAL REFRACTORIES COMPANY maintains its principal place of business at 225 City Ave, Suite 114, Bala Cynwyd, Pennsylvania 19004.

68.      Defendant GENERAL REFRACTORIES COMPANY may be served with Summons and Complaint through its registered agent for service of process, 225 City Ave, Suite 114, Bala Cynwyd, Pennsylvania 19004.

69.      Defendant GENERAL REFRACTORIES COMPANY is subject to the jurisdiction and venue of this court.

70.      Defendant GOULDS PUMPS, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. GOULDS PUMPS, INC. maintains its principal place of business in the care of ITT Corporation, 133 Westchester Avenue, White Plains, New York 10604.

- 13 -

71.    Defendant GOULDS PUMPS, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

72.    Defendant GOULDS PUMPS, INC. is subject to the jurisdiction and venue of this court.

73.    Defendant GRINNELL CORPORATION is a Delaware corporation that has failed to register with the Georgia Secretary of State. GRINNELL CORPORATION maintains its principal place of business in New Jersey.

74.    Defendant GRINNELL CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1635 Market Street, Philadelphia, Pennsylvania 19103.

75.    Defendant GRINNELL CORPORATION is subject to the jurisdiction and venue of this court.

76.    Defendant HONEYWELL INTERNATIONAL, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. HONEYWELL INTERNATIONAL, INC. maintains its principal place of business at 101 Columbia Road, Morristown, New Jersey 07962.

77.    Defendant HONEYWELL INTERNATIONAL, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

- 14 -

78.     Defendant HONEYWELL INTERNATIONAL, INC. is subject to the jurisdiction and venue of this court.

79.     Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a Carborundum is a New York corporation that has failed to register with the Georgia Secretary of State. INDUSTRIAL HOLDINGS CORPORATION f/k/a Carborundum maintains its principal place of business at 745 7th Avenue, New York, New York 10119.

80.     Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a Carborundum may be served with Summons and Complaint through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., located at 80 State Street, Albany, New York 12207.

81.     Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a Carborundum is subject to the jurisdiction and venue of this court.

82.     Defendant INGERSOLL-RAND COMPANY is a New Jersey corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  INGERSOLL-RAND COMPANY maintains its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

83.     Defendant INGERSOLL-RAND COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

84.     Defendant INGERSOLL-RAND COMPANY is subject to the jurisdiction and venue of this court.

- 15 -

85.    Defendant IREX CORPORATION is a Pennsylvania corporation that has failed to register with the Georgia Secretary of State. IREX CORPORATION maintains its principal place of business at 120 N. Lime Street, Lancaster, Pennsylvania 17602.

86.    Defendant IREX CORPORATION may be served with Summons and Complaint through its president, Kirk Liddell, or such other person designated to accept service of process, located at 120 N. Lime Street, Lancaster, Pennsylvania 17602.

87.    Defendant IREX CORPORATION is subject to the jurisdiction and venue of this court.

88.    Defendant JOHN CRANE, INC. is a Delaware corporation this is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. JOHN CRANE, INC. maintains its principal place of business at 6400 Oakton Street, Morton Grove, Illinois 60053.

89.    Defendant JOHN CRANE, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

90.    Defendant JOHN CRANE, INC. is subject to the jurisdiction and venue of this court.

91.    Defendant MAREMONT CORPORATION is a Delaware corporation that has failed to duly register with the Georgia Secretary of State. MAREMONT CORPORATION maintains its principal place of business at 504 Carnegie Center, 2nd Floor Princeton, NJ 08540.

- 16 -

92.     Defendant MAREMONT CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Corporation Trust Company, 1209 Orange Street, New Castle County, Wilmington DE 19801.

93.     Defendant MAREMONT CORPORATION is subject to the jurisdiction and venue of this court.

94.     Defendant MONSANTO COMPANY is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. MONSANTO COMPANY maintains its principal place of business at 800 N. Lindbergh Boulevard, Saint Louis, Missouri 63167.

95.     Defendant MONSANTO COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

96.     Defendant MONSANTO COMPANY is subject to the jurisdiction and venue of this court.

97.     Defendant NATIONAL SERVICE INDUSTRIES, f/k/a NORTH BROS., is a California corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. NATIONAL SERVICE INDUSTRIES, INC. maintains its principal place of business at 460 Englewood Avenue, Atlanta, Georgia 30315.

98.     Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROS., may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

99.     Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROS., is subject to the jurisdiction and venue of this court.

100.    Defendant THE OKONITE COMPANY, INC. is a New Jersey corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. THE OKONITE COMPANY, INC. maintains its principal place of business at 102 Hilltop Road, Ramsey, New Jersey 07446.

101.    Defendant THE OKONITE COMPANY, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

102.    Defendant THE OKONITE COMPANY, INC. is subject to the jurisdiction and venue of this court.

103.    Defendant PFIZER, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. PFIZER, INC. maintains its principal place of business at 235 E. 42nd Street, New York, New York 10017.

104.    Defendant PFIZER, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

105.    Defendant PFIZER, INC. is subject to the jurisdiction and venue of this court.

106.    Defendant SCAPA WAYCROSS, INC. is a Georgia corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. SCAPA WAYCROSS, INC. maintains its principal place of business at 111 Great Pond Drive, Windsor, Connecticut 06095.

- 18 -

107. Defendant SCAPA WAYCROSS, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

108. Defendant SCAPA WAYCROSS, INC. is subject to the jurisdiction and venue of this court.

109. Defendant SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. SCHNEIDER ELECTRIC USA, INC. maintains its principal place of business at 1415 S. Roselle Road, Palatine, Illinois 60067.

110. Defendant SCHNEIDER ELECTRIC USA, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

111. Defendant SCHNEIDER ELECTRIC USA, INC. is subject to the jurisdiction and venue of this court.

112. Defendant SEPCO CORPORATION is a Pennsylvania corporation that has failed to register with the Georgia Secretary of State. SEPCO CORPORATION maintains its principal place of business at 413 Commerce Park Road, Cranberry Township, Pennsylvania 16066.

113. Defendant SEPCO CORPORATION may be served with Summons and Complaint through its registered agent for service of process, located at 413 Commerce Park Road, Cranberry Township, Pennsylvania 16066.

- 19 -

114. Defendant SEPCO CORPORATION is subject to the jurisdiction and venue of this court.

115. Defendant 3M COMPANY is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. 3M COMPANY maintains its principal place of business at 3M Center, St. Paul, Minnesota 55144.

116. Defendant 3M COMPANY may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Fulton County Georgia 30361.

117. Defendant 3M COMPANY is subject to the jurisdiction and venue of this court.

118. Defendant UNION CARBIDE CORPORATION is a New York corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. UNION CARBIDE CORPORATION maintains its principal place of business 2030 Dow Center Tax Department, Midland, MI 48674.

119. Defendant UNION CARBIDE CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Fulton County Georgia 30361.

120. Defendant UNION CARBIDE CORPORATION is subject to the jurisdiction and venue of this court.

121. Defendant UNIROYAL, INC. is a New Jersey corporation that has failed to register with the Georgia Secretary of State. UNIROYAL, INC. maintains its principal place of business in New Jersey.

-20-

122.  Defendant UNIROYAL, INC. may be served with Summons and Complaint through its registered agent for service of process, Prentice-Hall Corporation System, located at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

123.  Defendant UNIROYAL, INC. is subject to the jurisdiction and venue of this court.

124.  Defendant VIMASCO CORPORATION is a West Virginia corporation that has failed to register with the Georgia Secretary of State. VIMASCO CORPORATION maintains its principal place of business in Nitro, West Virginia.

125.  Defendant VIMASCO CORPORATION may be served with Summons and Complaint through its registered agent for service of process, William A. Pugh, located at Post Office Box 516, Nitro, West Virginia 25143.

126.  Defendant VIMASCO CORPORATION is subject to the jurisdiction and venue of this court.

127.  Defendant WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC., is a New Jersey corporation that has failed to duly register with the Georgia Secretary of State. WARREN PUMPS, LLC maintains its principal place of business at 200 American Metro Boulevard, Suite 211, Hamilton, New Jersey 08619.

128.  Defendant WARREN PUMPS, LLC may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

129.  Defendant WARREN PUMPS, LLC is subject to the jurisdiction and venue of this court.

130.   Defendant THE WILLIAM POWELL COMPANY is an Ohio corporation that has failed to register with the Georgia Secretary of State. THE WILLIAM POWELL COMPANY maintains its principal place of business in Cincinnati, Ohio.

131.   Defendant THE WILLIAM POWELL COMPANY may be served with Summons and Complaint through its registered agent for service of process, D.R. Cowart, at 2503 Spring Grove Avenue, Cincinnati, Ohio 45214.

132.   Defendant THE WILLIAM POWELL COMPANY is subject to the jurisdiction and venue of this court.

133.   Defendant WORTHINGTON PUMP, INC. is a Delaware corporation that has failed to register with the Georgia Secretary of State.  WORTHINGTON PUMP, INC. maintains its principal place of business in Delaware.

134.   Defendant WORTHINGTON PUMP, INC. may be served with Summons and Complaint through its registered agent for service of process, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

135.   Defendant WORTHINGTON PUMP, INC. is subject to the jurisdiction and venue of this court.

136.   Defendant YARWAY CORPORATION is a Pennsylvania corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia.  YARWAY CORPORATION maintains its principal place of business at Suite 200, 10707 Clay Road, Houston, Texas 77041.

137.    Defendant YARWAY CORPORATION may be served with Summons and

Complaint through its registered agent for service of process, C.T. Corporation System,

located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

138.    Defendant YARWAY CORPORATION is subject to the jurisdiction and venue of

this court.

139.    Each Defendant corporation or its predecessor-in-interest was, at all times

material hereto, engaged in the design, manufacture, distribution and sale of asbestos-

containing products, or alternatively, the mining and processing of asbestos as a

component part of asbestos containing products at issue in this action.

140.    Defendants JOHN DOE No. 1 through JOHN DOE No. 10 are believed to be

Georgia or foreign corporations, partnerships, associations or other legal entities that

have transacted business in the State of Georgia and are responsible for the injuries and

damages incurred by Plaintiffs. Once the identity and the whereabouts of each John Doe

Defendant is established, said Defendant(s) will be served with a copy of summons and

complaint as provided by law. Defendants JOHN DOE No. 1 through JOHN DOE No.

10 are subject to the jurisdiction and venue of this Court.

141.    Venue of this action is established as being in Gwinnett County, State of Georgia,

under the provisions O.C.G.A. § 51-14-1et seq. in that one or more of the Plaintiffs in

this action reside in Gwinnett County, State of Georgia. Pursuant to the provisions of

O.C.G.A. § 51-14-1et seq., Plaintiffs include certain additional information provided for

under said statute as set forth on Attachment "A" to their Complaint which is

incorporated by reference as if fully set forth herein. Plaintiffs expressly reserves the

right to challenge the entirety of the provisions of O.C.G.A. § 51-14-1, et seq., to the

- 23 -

extent applicable to this action, and by filing this action in Gwinnett County, or by including any information in this Complaint otherwise provided for or suggested by O.C.G.A. § 51-14-1,et seq., does not waive any such challenge in regard to the constitutionality or application of such statutory provisions to this action.

## FIRST CAUSE OF ACTION

### (Negligence)

142.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

143.    WILLIAM H. THURMON, SR., deceased, was exposed to asbestos-containing materials and asbestos-containing products that were mined, manufactured, processed, imported, converted, compounded, sold, distributed, purposefully included as a component part, purposefully specified as a replacement component part,  maintained, installed by the Defendants, or, as the case may be, the Defendant's product caused or resulted in the release of unreasonably dangerous levels of asbestos dust into the air, or the Defendants themselves undertook to disturb and/or manipulate asbestos products in the presence of the decedent in a manner that contributed to his injuries and death. WILLIAM H. THURMON, SR., deceased, inhaled and absorbed asbestos fibers emanating from various asbestos-containing products as a direct and proximate result of the acts and omissions of each Defendant. As a direct and proximate result of each Defendant's acts of negligence, WILLIAM H. THURMON, SR., deceased, developed malignant pleural mesothelioma, a terminal form of cancer caused by asbestos exposure.

144.    At all times relevant hereto, each Defendant knew, or should have known, that its products would be used without inspection for defects and that any such inspection would

-24-

not have advised WILLIAM H. THURMON, SR., deceased, or other individuals who were using said products in his presence, of the fact that the asbestos contained in or used in conjunction with such products could cause significant bodily injury including the terminal condition which WILLIAM H. THURMON, SR., deceased, developed. Such facts made each of the Defendant's products inherently and unreasonably dangerous in that WILLIAM H. THURMON, SR., deceased, was not adequately appraised of, and did not contemplate or appreciate, the danger of contracting a deadly asbestos-related disease as a result of his use of, proximity to, exposure to, and inhalation of, the asbestos fibers contained in, or emanating from, each of the Defendant's products or the products that Defendants were putting to use.

145.    Each Defendant was in the business of designing, manufacturing, selling, distributing, and/or maintaining products that contained asbestos, or alternatively through their customary and intended use resulted in the disbursement of unreasonably dangerous levels of asbestos fibers into the air that WILLIAM H. THURMON, SR., deceased, breathed at all times relevant to this action. Each Defendant knew, or should have known, that WILLIAM H. THURMON, SR., deceased, and others similarly situated, would come in contact with asbestos contained in, or emanating from, their products or activities and would be exposed to an unreasonable risk of harm due to the inhalation of the asbestos fibers associated with their products or activities. Each Defendant knew, or should have known, that WILLIAM H. THURMON, SR., deceased, or others similarly situated, would be in danger of developing asbestos-related diseases such as asbestosis, mesothelioma, or other forms of cancer. Each Defendant was negligent in one, some, or

- 25 -

all of the following respects, and such negligence was the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, injuries and disabilities:

a. In failing to adequately warn WILLIAM H. THURMON, SR., deceased, of the dangerous characteristics of their products and failing to warn WILLIAM H. THURMON, SR., deceased, that he could develop fatal injuries including, but not limited to, mesothelioma and other forms of cancer as a result of being exposed to asbestos dust originating or emanating from each Defendant's products.

b. In failing to provide WILLIAM H. THURMON, SR., deceased, with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any existed, to protect him from being harmed and disabled by asbestos dust originating or emanating from each Defendant's products.

c. In failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling, installing, or using asbestos materials in relating to their product.

d. In continuing to manufacture, sell, and distribute products that posed a danger to WILLIAM H. THURMON, SR., deceased, and others, due to asbestos dust originating or emanating from each Defendant's products, when each Defendant knew, or should have known, that use of their products would cause injuries or death from use of their product.

e. In affirmatively misrepresenting to WILLIAM H. THURMON, SR., deceased, and other members of the public, in advertising, labels, and otherwise, that the products that they manufactured, sold, distributed, or otherwise put in use, were

safe in their ordinary and foreseeable use. These material misrepresentations induced WILLIAM H. THURMON, SR., deceased, to unknowingly expose himself to the hazards of developing injuries, including mesothelioma and other forms of cancer, from asbestos dust.

f. In failing to adequately test their respective products before offering them for sale and use so that WILLIAM H. THURMON, SR., deceased, and other persons similarly situated, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' products and thereby expose Mr. Thurmon and others to the development of injuries from mesothelioma or other forms of cancer.

g. In failing to remove and recall their unreasonably dangerous products from the stream of commerce and the marketplace upon ascertaining that use of such products would result in contaminating with asbestos dust the air that WILLIAM H. THURMON, SR., deceased, and others, would breathe and which originated or emanated from each Defendant's products.

h. In failing to warn or advise WILLIAM H. THURMON, SR., deceased, and others similarly situated, whom Defendants either knew or should have known would be, or had been, exposed to the danger of inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their products, as to the dangers associated with such products and to avoid or cease all future exposure to asbestos dust and fibers due to the increasing danger associated with each exposure.

i. In failing to warn or advise WILLIAM H. THURMON, SR., deceased, and others similarly situated, whom the Defendants either knew or should have known would

be, or had been, exposed to asbestos dust originating or emanating from each Defendant's products, of the danger associated with the inhalation of such dust, as well as the continuing danger to Mr. Thurmon, and all of Mr. Thrumon's family members, as a result of asbestos dust originating or emanating from each Defendant's products and found on the work clothes and tools of those worked with and around Defendants' products.

146.    The products that caused WILLIAM H. THURMON, SR., deceased, to be exposed to asbestos dust were at all times relevant to this action being used in the manner in which the Defendants intended them to be used.

147.    The Defendants' products failed to perform as safely as WILLIAM H. THURMON, SR., deceased, and others similarly situated, expected they would in that the products caused Mr. Thurmon and others to develop injuries as a result of inhalation of the asbestos dust originating or emanating from each Defendant's products.

148.    At all times relevant hereto, it was feasible for each Defendant to have:

a.      adequately warned WILLIAM H. THURMON, SR., deceased, of the dangers associated with their products;

b.      further tested their products to appreciate and eliminate any danger associated with their use;

c.      designed a safer product; and

d.      substituted asbestos-free products where applicable.

149.    The Defendants' negligent, grossly negligent, willful, wanton, and reckless conduct, as described herein, was the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, illness and injuries, as a result of which, Mr. Thurmon

- 28 -

suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

150.    Plaintiffs are entitled to recover damages against each Defendant for their individual and collective acts of negligence in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Product Liability)

151.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

152.    Each Defendant's asbestos-containing product was sufficiently defective to cause Defendants to be liable to Plaintiffs. Each Defendant's products were defective, *inter alia*, in their design, manufacture, and lack of proper or sufficient warnings. The subject products possessed latent characteristics and latent manufacturing and design defects existing at the time they were manufactured and at the time WILLIAM H. THURMON, SR., deceased, was exposed to them through his occupational exposure to said products. Each Defendant either knew, or in the exercise of reasonable care should have known, that their products would cause injuries in the form of asbestosis, lung cancer, mesothelioma, or other forms of cancer, to those individuals, such as Mr. Thurmon, who were required to work with and around products containing asbestos.

153.    At the time the Defendants sold and delivered the products which resulted in WILLIAM H. THURMON, SR., deceased's, exposure to asbestos dust, and at the time those products were used in the manner and environment intended and without

- 29 -

substantial change affecting their condition, the products contained latent characteristics or latent manufacturing and design defects, and were defective and unreasonably dangerous and unfit for their intended use in that:

    a. They were defectively designed to contain asbestos, or to result in the disbursement of asbestos dust, a substance which is deleterious, poisonous, and highly harmful to WILLIAM H. THURMON, SR., deceased, and others similarly situated.

    b. They contained inadequate warnings and otherwise failed to contain a warning sufficient to advise WILLIAM H. THURMON, SR., deceased, that the asbestos dust associated with their intended use was poisonous and extremely harmful to their health.

    c. They did not contain sufficient protective appliances or equipment to reduce or eliminate WILLIAM H. THURMON, SR., deceased's, inhalation of the poisonous and highly harmful asbestos fibers associated with use of the products.

154. The Defendants were engaged in the distribution and sale of products that, without substantial change in the condition in which each Defendant sold them, were the proximate cause of WILLIAM H. THURMON, SR., deceased's, injury.

155. Each Defendant and its predecessor in interest knew that its products would be used without inspection for defects, and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation, and replacement of those products.

156. WILLIAM H. THURMON, SR., deceased, was unaware of the hazards and defects in the products of the Defendants, which made those products unsafe for the

purposes of using, handling, installing, or removing the products, to the degree that those products would cause Mr. Thurmon to develop mesothelioma and other related physical conditions.

157.    At all times relevant hereto, the products of each of the Defendants were used in the manner intended by the Defendants.

158.    The Defendants' unreasonably dangerous and defective products were the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, injuries, and, as a result, Mr. Thurmon suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

159.    Plaintiffs are entitled to recover damages against each Defendant under a theory of product liability, which includes both strict liability and negligence, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

#### (Specific to Defendant NSI/North Brothers)

160.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

161.    At all times relevant to Plaintiffs' Complaint, Defendant NSI/North Brothers was a company that bought, sold, distributed, designed, manufactured, installed, and removed various asbestos-containing products.

162.    Defendant NSI/North Brothers was present and engaged in the process of installing and removing asbestos containing products at one or more of WILLIAM H. THURMON,

SR., deceased's, work sites and engaged in activities that Defendant NSI/North Brothers
knew or should have known created an unreasonable risk of injury or harm to Mr. Thurmon.

163.    Defendant NSI/North Brothers failed to warn WILLIAM H. THURMON, SR.,
deceased, of the inherent dangers associated with its work or to take sufficient action to
protect him and others from the dangers associated with its work.

164.    WILLIAM H. THURMON, SR., deceased, was without any knowledge that the
work being performed by Defendant NSI/North Brothers created an unreasonable risk of
injury or harm to him.

165.    Plaintiffs limit their claims against Defendant NSI/North Brothers to the following
specific activities undertaken by said Defendant in the presence of WILLIAM H.
THURMON, SR., deceased:

      a)    Defendant NSI/North Brothers' creation of asbestos-containing dust in the
air breathed by Mr. Thurmon due to the manipulation (cutting, sawing, handling
and mixing) of asbestos-containing insulation products prior to the time the
manipulated piece of insulation was actually affixed to any pipe or piece of
equipment located at a worksite where Mr. Thurmon was present;

      b)    Defendant NSI/North Brothers' creation of asbestos-containing dust, in
the air breathed by Mr. Thurmon, emanating from construction debris and waste
products associated with, and resulting from, the cutting, sawing, mixing,
manipulating, or the act of removing asbestos-containing insulation products at a
worksite where Mr. Thurmon was present; and

      c)    Defendant NSI/North Brothers' creation of asbestos-containing dust, in
the air breathed by Mr. Thurmon, emanating from asbestos-containing insulation

- 32 -

products after they had been physically separated and removed from any pipe or piece of equipment located at a worksite where Mr. Thurmon was present.

166.    Plaintiffs expressly waive any claim that they may have against Defendant NSI/North Brothers' associated with any undisturbed, in-place insulation, which was, at the time of WILLIAM H. THURMON, SR., deceased's, exposure, physically attached to the premises.

167.    As a direct and proximate result of the acts and omissions of Defendant NSI/North Brothers, WILLIAM H. THURMON, SR., deceased, was injured and incurred damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Survival Action)

168.    Plaintiff JIM CHAMBERS adopts and re-alleges each paragraph above, as if fully set forth herein, and pleads as follows:

169.    The pre-death injuries sustained by WILLIAM H. THURMON, SR., deceased, (hereinafter "the Decedent") were the direct and proximate result of the acts and omissions of the Defendants, as previously set forth under Plaintiffs' Complaint.

170.    As a direct and proximate result of the acts and omissions of each Defendant, Decedent was injured and suffered damages prior to his death, which Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of William H. Thurmon, Sr., deceased, is now entitled to recover.  Such damages include, but are not limited to, pre-death physical injury; pre-death physical pain and suffering; pre-death mental pain and suffering; pre-death impairment, disability and disfigurement; loss of capacity to enjoy life; loss of capacity to work or earn a living; loss of time in life that could have been

spent doing things other than going to doctors, physically suffering, undergoing medical procedures, pre-death expenses of hospitalization, medical care, nursing care, hospice care, other treatment and medical monitoring, pre-death fear and mental anguish associated with the Decedent's impending death; as well as all other special and general damages permitted under law.

171.   Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., deceased, is entitled to recover from each of the Defendants for all pre-death injuries and damages incurred by WILLIAM H. THURMON, SR., deceased, as provided by law.

### FIFTH CAUSE OF ACTION

#### (Punitive Damages)

172.   Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

173.   The conduct of each Defendant, as set forth hereinabove, showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against each Defendant pursuant O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter each Defendant from repeating or continuing such unlawful conduct.

### SIXTH CAUSE OF ACTION

#### (Wrongful Death)

174.   Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RHIDENHOUR,

- 34 -

MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS adopt and re-allege each paragraph above as if fully set forth herein.

175. At the time of his death, WILLIAM H. THURMON, SR., deceased, was eighty-four (84) years of age and had a reasonable life expectancy of greater than or equal to 5.18 years.

176. As WILLIAM H. THURMON, SR., deceased's, surviving children, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RHIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS are the statutory beneficiaries authorized to maintain the present action against the Defendants for the homicide and wrongful death of WILLIAM H. THURMON, SR., deceased, as provided under O.C.G.A. § 51-4-2.

177. As a direct and proximate result of the homicide and wrongful death of WILLIAM H. THURMON, SR., deceased, as caused by the acts and omissions of each Defendant, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RHIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS, as his only surviving children, have been forever deprived of WILLIAM H. THURMON, SR.'s love, aid, support, services, and companionship. By reason of the negligent and intentional acts of the Defendants which resulted in the homicide and premature death of WILLIAM H. THURMON, SR., deceased, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RHIDENHOUR, MARK THURMON,

PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS are entitled to recover from the Defendants a sum equal to the full value of WILLIAM H. THURMON, SR.'s life.

## DAMAGES

178. As a result of the individual, combined, and concurring acts and omissions of Defendants as set forth hereinabove, each above-named Defendant caused or contributed to cause injuries to the Decedent for which Plaintiffs may recover. Such damages include damages which may be recovered for:

  a.  The homicide and wrongful death of the WILLIAM H. THURMON, SR., deceased, entitling Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RHIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS to recover the full value of WILLIAM H. THURMON, SR.'s life, as well as all other damages permitted under law;

  b.  Expenses associated with the last illness, death, and burial of WILLIAM H. THURMON, SR., deceased;

  c.  Pre-death physical injury, pain and suffering, disability, impairment, lost capacity to enjoy life, mental anguish, and lost earnings, as well as punitive damages in an amount to be proven at trial, which may be recovered by Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., deceased;

  d.  Pre-death medical expenses in an amount to be proven at trial; and

e. Pre-death fear and mental anguish concerning existing and future medical problems, including, but not limited to, mesothelioma and all other medical problems associated therewith, in an amount to be proven at trial.

**WHEREFORE, Plaintiffs pray:**

(j) That each Defendant be lawfully served with a copy of Plaintiffs' Complaint and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

(k) That the Court enter judgment against each Defendant, jointly and severally, for the wrongful death of WILLIAM H. THURMON, SR., deceased, and award Plaintiffs the full value of WILLIAM H. THURMON, SR., deceased's, life, in addition to all other damages permitted under law;

(l) That the Court enter judgment against each Defendant, jointly and severally, for all general and compensatory damages surviving in favor of the Estate of WILLIAM H. THURMON, SR., deceased, including all pre-death injuries and pre-death pain and suffering inflicted upon WILLIAM H. THURMON, SR., deceased;

(m) That the Court enter a judgment against each Defendant, jointly and severally, for all special damages allowable to Plaintiffs;

(n) That the Court enter a judgment against each Defendant serving to award Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., punitive damages under the provisions of O.C.G.A. § 51-12-5.1;

(o) That the Court enter a judgment against each Defendant, jointly and severally, for all other relief sought under this Complaint; and

(p) That the Court grant Plaintiffs such further relief which the Court deems just and necessary.

This, the 3rd day of June, 2010.

_____

Robert C. Buck
Georgia Bar No. 092495

**BUCK LAW FIRM**
ATTORNEYS AT LAW
Suite 940
1050 Crown Pointe Parkway
Atlanta, Georgia 30338
(678) 338-4999 Telephone
(678) 338-4990 Facsimile
rbuck@buckfirm.com

- 38 -

# Attachment "A"

CERTIFICATE OF DEATH STATE OF GEORGIA

William Henry Thurmon

White | American | 1925 | Male | 84 | December 27, 2009 | Bulloch

City, Town or Location of Death: Statesboro | Hospital or other institution: Ogeechee Area Hospice | Inpatient

State and county of birth: Indiana, Starke | USA | Widowed | Evelyn Frances Bizora | Yes

Social Security Number: 8107 | Shift Supervisor | Pulp & Paper

Residence - State: GA | County: Wayne | City, Town or Location: Jesup | 71 Thurmon Rd., 31545 | No

Michael Thurmon | 1516 Annapolis Way, Grayson, GA 30017 | Son

Cremation | 12/28/2009 | Oglethorpe Crematorium | Brunswick, Ga 31520, Glynn

George H. Rinehart, III, 1092 | Rinehart & Sons Funeral Home, Inc., 860 Hwy. 301S | 1215

Not Embalmed | N/A | Jesup, GA 31546

**CAUSE OF DEATH**

Autopsy No | No

**CERTIFIER**

Date Signed: 1/1/10 | Hour of Death: 19:55 p.

Name of Attending Physician or other than Certifier: Dr. Michael Mulling | 050226

Address of Certifier: 225 Candler Dr., Suite 301, Savannah, GA 31405

DEPUTY REGISTRAR

THIS IS AN EXACT COPY OF THE DEATH CERTIFICATE RECEIVED FOR FILING IN BULLOCH COUNTY.

COUNTY CUSTODIAN

SIGNED: _____

ISSUE DATE: Jan 20, 2010

### SWORN INFORMATION FORM OF MIKE THURMON,

#### on behalf of WILLIAM H. THURMON, deceased

COMES NOW, Mike Thurmon, a surviving natural child of William H. Thurmon, Sr., deceased, and to the best of his knowledge and belief, provides the following information in support of his Complaint as required under the provisions of O.C.G.A. § 51-14-7:

(1)     Exposed person's name: **William H. Thurmon, Sr., deceased**

Address: **71 Thurmon Road, Jesup, Georgia 31545**

Date of birth: **XX/XX/1925**

Date of death: **12/27/2009**

Social security number: **XXX-XX-8107**

Marital status: **Widowed at the time of his death**

**To the extent that exposure to any additional asbestos containing products by Mr. Thurmon is established in the future, Plaintiffs expressly reserve the right to supplement the information provided in this document.**

(2)     If the exposed person alleges exposure to asbestos or silica through the testimony of another person or other than by direct or bystander exposure to a product or products, the name, address, date of birth, social security number, and marital status for each person by which claimant alleges exposure, hereafter the 'index person,' and the claimant's relationship to each such person:  **William Thurmon, deceased, was directly exposed to asbestos containing products through his employment at Coosa River Newsprint Company in Alabama and at Rayonier, in Jesup Georgia.  IT is also believed that Mr. Thurmon had expsosure to asbestos while stationed aboard the USS West Virginia during his service in the US Navy. Exposure testimony will be established at Rayonier through his coworkers.  Said individuals include, but are not limited to:**

Index Person's Name:

**Shannon Copeland**
**1544 Hyma Poppell Loop**
**Odum, GA 31555**

**Robert Peacock**
**1444 Oak Street**
**Jesup, GA 31545**

**Russell McGehee**
**673 South Elm Street**
**Jesup, GA 31546**

**Eldred King**
**110 Medford Road**
**Jesup, GA 31546**

**Donald McGregor**
**161 South Magnolia Drive**
**Jesup, GA 31546**

**Rhett Butler**
**171 Buffalo Drive.**
**Brunswick, GA 31523**

Address: **See above.**

Date of birth: **This information, as it relates to each person listed above, is not currently in the possession of Plaintiffs.**

Social security number: **This information, as it relates to each person listed above, is not currently in the possession of Plaintiffs**

Marital status: **This information, as it relates to each person listed above, is not currently in the possession of Plaintiffs**

Claimant's Relationship to Index Person: **Coworkers at Rayonier.**

**Plaintiffs are still investigating exposures at Coosa River and in the U.S. Navy and reserve the right to supplement this disclosure during discovery in this action.**

2

(3) The specific location of each alleged exposure:

Mr. Thurmon was exposed to asbestos in the US Navy July 9, 1943-December 13, 1945 while stationed aboard the USS West Virginia as an Electrician's Mate.

Mr. Thurmon was exposed to asbestos at the Coosa River Newsprint Company in Coosa Pines, Alabama from 1950-1954.

Mr. Thurmon was exposed to asbestos as a shift supervisor at the Rayonier Pulp & Paper Mill facilities located in Jesup, Georgia from 1954-mid 1980's.

(4) The specific asbestos-containing product or silica-containing product to which the exposed person was exposed and the manufacturer of each product:

| Manufacturer/Product Name: | Product: |
| --- | --- |
| Garlock | Gaskets |
| Crane | Valves, Gaskets & Packing |
| CertainTeed | Asbestos Pipe & Asbestos Cement |
| Georgia-Pacific | Ready Mix Joint Compound & Roofing Cement & Coatings |
| Union Carbide | Bakelite & Calidria |
| Crown Cork & Seal/Mundet | 85 Mag Pipe Insulation |
| Owens Illinois | Kaylo Pipe and Block Insulation |
| Ingersoll Rand | Pumps, Valves & Air Compressors |
| Gould | Pumps |
| Yarway | Steam Traps |
| Honeywell | Thermal Couplings & Pumps |
| Warren | Pumps |
| 3M | Masks, Mastics, Tapes |
| Square D | Electrical Components |
| Cutler Hammer | Electrical Components |
| Edwards | High Pressure Steam Valves |
| Duiron/Durco | Pumps |
| Bingham Pumps | Pumps |
| Fairbanks Morse | Pumps |
| DAP | Caulk |
| Uniroyal | Yarns & Textiles |
| SCAPA | Dryer Felts |
| Grinnel | Pumps & Valves |
| A.W. Chesterton | Sheet Packing, Pump Packing, Braided Packing |

3

| | |
|---|---|
| John Crane | Gaskets & Packing |
| Monsanto | Various Products |
| Worthington | Pumps |
| Powell | Valves |
| Westinghouse | Turbines, Boilers, Breakers, Micarta Board, Motors, Generators |
| Mobile Oil Corp. | Dum Dum Caulking Sealants & Roof Coatings |
| Okonite | Asbestos Pipes |
| Sepco | Gaskets |
| Transite | Pipe |
| Okoprene | Wire Insulation |
| Orangeberg | Pipe |
| Armstrong | Floor Tile and Insulation Products |
| Johns Manville | Thermal Insulation Products |
| HK Porter | Various Products |
| Raybestos-Manhattan | Insulation products and fabrics |
| Celotex | Insulation Products |
| Babcock & Wilcox | Power Boilers |
| Combustion Engineering | Recovery Boilers |
| Owens Corning | Kaylo Pipe & Block Insulation, Cements, Fiberboard |
| GAF | Various Products |
| Gold Bond | Various Products |
| Flexitallic | Gaskets |
| Shook & Fletcher | Insulation |
| | |

(5) The beginning and ending dates of each alleged exposure as to each asbestos-containing product or silica-containing product for each location at which exposure allegedly took place for plaintiff and for each index person:

| Manufacturer/Product | Product: | Location | Dates |
|---|---|---|---|
| | | | |
| | | | |
| Garlock | Gaskets | Rayonier, | 1950's-1979 |

4

| Crane | Valves, Gaskets & Packing | Rayonier | 1950's-1979 |
|---|---|---|---|
| CertainTeed | Asbestos Pipe & Asbestos Cement | Rayonier | 1950's-1979 |
| Georgia-Pacific | Ready Mix Joint Compound & Roofing Cement & Coatings | Rayonier | 1968-1977 |
| Union Carbide | Bakelite & Calidria | Rayonier | 1960's-1979 |
| Crown Cork & Seal/Mundet | 85 Mag Pipe Insulation | Rayonier | 1949-1965 |
| Owens Illinois | Kaylo Pipe and Block Insulation | Rayonier, US Navy, Coosa River | 1943-1958 |
| Ingersoll Rand | Pumps, Valves & Air Compressors | Rayonier | 1950's-1979 |
| Gould | Pumps | Rayonier | 1950's-1979 |
| Yarway | Steam Traps | Rayonier | 1950's-1979 |
| Honeywell | Thermal Couplings & Pumps | Rayonier | 1950's-1979 |
| Warren | Pumps | Rayonier | 1950's-1979 |
| 3M | Masks, Mastics, Tapes | Rayonier | 1950's-1979 |
| Square D | Electrical Components | Rayonier | 1950's-1979 |
| Cutler Hammer | Electrical Components | Rayonier | 1950's-1979 |
| Edwards | High Pressure Steam Valves | Rayonier | 1950's-1979 |
| Duiron/Durco | Pumps | Rayonier | 1950's-1979 |
| Bingham Pumps | Pumps | Rayonier | 1950's-1979 |
| Fairbanks Morse | Pumps | Rayonier | 1950's-1979 |
| DAP | Caulk | Rayonier | 1950's-1979 |
| Uniroyal | Yarns & Textiles | Rayonier | 1950's-1979 |
| SCAPA | Felts | Rayonier | 1950's-1979 |
| Grinnel | Pumps & Valves | Rayonier | 1950's-1979 |
| A.W. Chesterton | Sheet Packing, Pump Packing, Braided Packing | Rayonier | 1950's-1979 |
| John Crane | Gaskets & Packing | Rayonier | 1943-1979 |
| Monsanto | Various Products | Rayonier | 1950's-1979 |
| Worthington | Pumps | Rayonier | 1950's-1979 |
| Powell | Valves | Rayonier | 1950's-1979 |
| Westinghouse | Turbines, Boilers, Breakers, Micarta Board, Motors, Generators | Rayonier | 1950's-1979 |
| Mobile Oil Corp. | Dum Dum Caulking Sealants & Roof Coatings | Rayonier | 1950's-1979 |
| Okonite | Asbestos Pipes | Rayonier | 1950's-1979 |
| Sepco | Gaskets | Rayonier | 1950's-1979 |
| Transite | Pipe | Rayonier | 1950's-1979 |
| Okoprene | Wire Insulation | Rayonier | 1950's-1979 |
| Orangeberg | Pipe | Rayonier | 1950's-1979 |

| Armstrong | Floor Tile and Insulation Products | Rayonier | 1950's-1979 |
|---|---|---|---|
| Johns Manville | Thermal Insulation Products | Rayonier | 1943-1960's |
| HK Porter | Various Products | Rayonier | 1950's-1979 |
| Raybestos-Manhattan | Insulation products and fabrics | Rayonier | 1950's-1979 |
| Celotex | Insulation Products | Rayonier | 1950's-1979 |
| Babcock & Wilcox | Power Boilers | Rayonier | 1950's-1979 |
| Combustion Engineering | Recovery Boilers | Rayonier | 1950's-1979 |
| Owens Corning | Kaylo Pipe & Block Insulation, Cements, Fiberboard | Rayonier | 1958-1972 |
| GAF | Various Products | Rayonier | 1950's-1979 |
| Gold Bond | Various Products | Rayonier | 1950's-1979 |
| Flexitallic | Gaskets | Rayonier | 1950's-1979 |
| Shook & Fletcher | Insulation | Coosa River | 1949-1954 |

(6) The occupation and name of employer of the exposed person at the time of each alleged exposure:

(7) The specific condition related to asbestos or silica claimed to exist:

**Mesothelioma.**

(8) Any supporting documentation of the condition claimed to exist:

**See attached medical records.**

(9) The identity of any bankruptcy trust to which a claim has been submitted concerning any asbestos or silica injury of the exposed person, attaching any claim form or other information submitted to such trust or trusts with respect to the exposed person. Plaintiff must also identify any bankruptcy trust that the plaintiff believes is or may be liable for all or part of the injury at issue, even if a claim has not been submitted to that trust at the time the complaint is filed:

Submitted Bankruptcy claims: **None at this time.**

Potential Bankruptcy claims:

| Armstrong | Floor Tile and Insulation Products |
|---|---|
| Johns Manville | Thermal Insulation Products |
| HK Porter | Various Products |
| Raybestos-Manhattan | Insulation products and fabrics |

| Celotex | Insulation Products |
|---|---|
| Babcock & Wilcox | Power Boilers |
| Combustion Engineering | Recovery Boilers |
| Owens Corning | Kaylo Pipe & Block Insulation, Cements, Fiberboard |
| GAF | Various Products |
| Gold Bond | Various Products |
| Flexitallic | Gaskets |
| Shook & Fletcher | Insulation |

To the extent that additional information relating to exposure to asbestos containing products is established in the future, Plaintiffs expressly reserve the right to supplement and/or amend the information contained in this document.

[Signature on following page]

7

Sworn and subscribed to this _21_ day of May, 2010.

_____

Mike Thurmon,
In his capacity as a surviving child of
William H. Thurmon, Sr., deceased

Sworn to and subscribed by me this 21 ST
day of May , 2010.

_____
Notary Public

8