# EXHIBIT B

(678) 338-4999 Telephone
(678) 338-4990 Facsimile
(888) 326-5394 Toll Free

BUCK LAW FIRM
ATTORNEYS AT LAW

Suite 940
1050 Crown Pointe Parkway
Atlanta, Georgia 30338

Writer's Direct Dial
(678) 338-4995
Writer's Email
jpeeler@buckfirm.com

April 25, 2011

General Electric Company
c/o Registered Agent for Service of Process
C.T. Corporation System
1201 Peachtree Street NE
Atlanta, GA 30361

**Re:** ***Mike Thurmon, et al. v. Georgia-Pacific, LLC, et al.***
**State Court of Gwinnett County, State of Georgia**
**Civil Action File No.: 10C-08483-3**

Dear Sir or Madame:

Enclosed with this correspondence is a service copy of *Plaintiffs' First Amended Complaint for Wrongful Death and Damages.*

If you have any questions or concerns, please do not hesitate to contact me. I am

Yours very truly,

Jordan W. Peeler
Litigation Paralegal
For the Firm

Enclosure
cc: All Counsel of Record

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS, in their capacities as the surviving children of WILLIAM H. THURMON, SR., deceased; and JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., deceased;

PLAINTIFFS,

VS.

GEORGIA-PACIFIC, LLC;
A.W. CHESTERTON, INC.;
BAYER CROPSCIENCE, INC. f/k/a Aventis Cropscience, USA, Inc., as Successor to Amchem Products, Inc.;
BINGHAM INDUSTRIES CORPORATION;
CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., Successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation;
CERTAINTEED CORPORATION;
CLEAVER- BROOKS, INC. f/k/a Aqua-Chem, Inc.;
CRANE CO.;
CROWN CORK & SEAL USA, INC.;
DAP PRODUCTS, INC.;
EATON CORPORATION, individually and as successor in interest to CUTLER- HAMMER, INC.;
EXXON MOBIL CORPORATION;
FAIRBANKS MORSE PUMP CORPORATION;
FLOWSERVE US, INC.;

**CIVIL ACTION FILE NO.: 10C-08483-3**

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**

**FOSTER WHEELER NORTH AMERICA CORP.;**
**GARLOCK SEALING TECHNOLOGIES, LLC;**
**GENERAL REFRACTORIES COMPANY;**
**GOULDS PUMPS, INC.;**
**GRINNELL CORPORATION;**
**HONEYWELL INTERNATIONAL, INC.;**
**INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company;**
**INGERSOLL-RAND COMPANY;**
**JOHN CRANE, INC.;**
**MAREMONT CORPORATION;**
**MONSANTO COMPANY;**
**NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROS.;**
**THE OKONITE COMPANY, INC.;**
**PFIZER, INC.;**
**SCAPA WAYCROSS, INC.;**
**SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY;**
**3M COMPANY;**
**UNION CARBIDE CORPORATION;**
**UNIROYAL, INC.;**
**VIMASCO CORPORATION;**
**WARREN PUMPS, LLC f/k/a WARREN PUMPS, INC.;**
**THE WILLIAM POWELL COMPANY;**
**WORTHINGTON PUMP, INC.;**
**YARWAY CORPORATION;**
**SEALING EQUIPMENT PRODUCTS COMPANY, INC., previously denominated as JOHN DOE NO. 1;**
**FLUOR DANIEL SERVICES CORPORATION, previously denominated as JOHN DOE NO. 2;**
**GENERAL ELECTRIC COMPANY, previously denominated as JOHN DOE NO. 3;**
**and JOHN DOES NO. 4-10.**

**DEFENDANTS.**

COME NOW Plaintiffs, and state their First Amended Complaint for Wrongful Death and Damages as follows:

**INTRODUCTION**

1. This asbestos product liability action arises from the injuries and death of WILLIAM H. THURMON, SR. who was diagnosed with, and later died from, complications associated with malignant pleural mesothelioma. Malignant pleural mesothelioma is a rapidly debilitating and fatal form of cancer affecting the lining of an individual's lungs, the only known cause of which in North America is asbestos exposure. The decedent's injuries and death were the direct and proximate result of his exposure to asbestos-containing products that were designed, produced, manufactured, packaged, distributed and/or sold by the named Defendants and/or their predecessors in interest. This action seeks to recover for the pre-death injuries and pain and suffering of WILLIAM H. THURMON, SR., as well as his homicide and wrongful death caused by the Defendant's acts and omissions.

**PARTIES**

2. The decedent, WILLIAM H. THURMON, SR., was a resident and citizen of Jesup, Wayne County, State of Georgia.

3. At the time of his death, WILLIAM H. THURMON, SR. was a widower, having ten surviving children, each of whom has been named as a party Plaintiff to this action.

4. WILLIAM H. THURMON, SR. was diagnosed as suffering from mesothelioma in November of 2009.

5. WILLIAM H. THURMON, SR. died as a result of complications associated with his mesothelioma condition on or about December 27, 2009.

6. Plaintiff MIKE THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff MIKE THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff MIKE THURMON is a resident and citizen of Gwinnett County, State of Georgia.

7. Plaintiff MARY K. THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff MARY K.THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff MARY K. THURMON is a resident and citizen of Wayne County, State of Georgia.

8. Plaintiff HELEN JOHNSON is the natural child of WILLIAM H. THURMON, SR. Plaintiff HELEN JOHNSON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff HELEN JOHNSON is a resident and citizen of Dallas County, State of Texas.

9. Plaintiff WILLIAM H. THURMON, JR. is the natural child of WILLIAM H. THURMON, SR. Plaintiff WILLIAM H. THURMON, JR. is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff WILLIAM H. THURMON, JR. is a resident and citizen of Pierce County, State of Georgia.

10. Plaintiff GEORGE THURMON is the natural child of WILLIAM H. THURMON, SR. Plaintiff GEORGE THURMON is a statutory beneficiary under Georgia law in regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff GEORGE THURMON is a resident and citizen of Duval County, State of Florida.

11.     Plaintiff ESTHER RIDENHOUR is the natural child of WILLIAM H.

THURMON, SR. Plaintiff ESTHER RIDENHOUR is a statutory beneficiary under

Georgia law in regard to claims for Wrongful Death and homicide alleged under this

Complaint. Plaintiff ESTHER RIDENHOUR is a resident and citizen of Palm Beach

County, State of Florida.

12.     Plaintiff MARK THURMON is the natural child of WILLIAM H. THURMON,

SR. Plaintiff MARK THURMON is a statutory beneficiary under Georgia law in regard

to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff

MARK THURMON is a resident and citizen of Columbia County, State of Georgia.

13.     Plaintiff PATRICIA GUTHRIE is the natural child of WILLIAM H. THURMON,

SR. Plaintiff PATRICIA GUTHRIE is a statutory beneficiary under Georgia law in

regard to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff

PATRICIA GUTHRIE is a resident and citizen of Pierce County, State of Washington.

14.     Plaintiff JOAN GREENLEES is the natural child of WILLIAM H. THURMON,

SR. Plaintiff JOAN GREENLEES is a statutory beneficiary under Georgia law in regard

to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff JOAN

GREENLEES is a resident and citizen of Bulloch County, State of Georgia.

15.     Plaintiff JULIE CHAMBERS is the natural child of WILLIAM H. THURMON,

SR. Plaintiff JULIE CHAMBERS is a statutory beneficiary under Georgia law in regard

to claims for Wrongful Death and homicide alleged under this Complaint. Plaintiff

JULIE CHAMBERS is a resident and citizen of Bulloch County, State of Georgia.

16. At the time of his death, Plaintiff WILLIAM H. THURMON, SR. had a valid will serving to name JIM CHAMBERS as the Executor of the Estate of WILLIAM H. THURMON, SR.

17. JIM CHAMBERS is a resident and citizen of the State of Georgia residing in Bulloch County, State of Georgia.

18. The Defendants in this action include both domestic and foreign corporations who have registered to do business in the State of Georgia with Georgia Secretary of State, or, alternatively, are entities that have affirmatively placed asbestos-containing products into the stream of commerce with the reasonable expectation and knowledge that such asbestos-containing products would be bought, sold, distributed, and put to use within the State of Georgia, as well as other states within the United States of America. There is a lack of complete diversity between the parties as Plaintiffs and certain Defendants are deemed to be citizens of the State of Georgia.

19. Defendant GEORGIA-PACIFIC, LLC is a corporation incorporated under the laws of the state of Georgia that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. GEORGIA-PACIFIC, LLC maintains its principal place of business at 133 Peachtree Street, NE, Georgia-Pacific Center, Atlanta, Georgia 30303. Defendant GEORGIA-PACIFIC, LLC is the successor in interest to Georgia-Pacific Corporation.

20. Defendant GEORGIA-PACIFIC, LLC may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

21. Defendant GEORGIA-PACIFIC, LLC is subject to the jurisdiction and venue of this court.

22. Defendant A.W. CHESTERTON, INC. is a Delaware corporation that has failed to register with the Georgia Secretary of State. A.W. CHESTERTON, INC. maintains its principal place of business in Woburn, Massachusetts.

23. Defendant A.W. CHESTERTON, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

24. Defendant A.W. CHESTERTON, INC. is subject to the jurisdiction and venue of this court.

25. Defendant BAYER CROPSCIENCE, INC. f/k/a Aventis Cropscience, USA, Inc., as Successor to Amchem Products, Inc., is a New York corporation that has failed to register with the Georgia Secretary of State. BAYER CROPSCIENCE, INC. maintains its principal place of business at 2 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

26. Defendant BAYER CROPSCIENCE, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 80 State Street, Albany, New York 12207.

27. Defendant BAYER CROPSCIENCE, INC. is subject to the jurisdiction and venue of this court.

28. Defendant BINGHAM INDUSTRIES CORPORATION is a Washington corporation that has failed to duly register with the Georgia Secretary of State.

BINGHAM INDUSTRIES CORPORATION maintains its principal place of business at 17631 147th Street, SE, #6, Monroe, Washington 98272.

29. Defendant BINGHAM INDUSTRIES CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Gary Bingham, at 17361 147th Street, SE, #6, Monroe, Washington 98272.

30. Defendant BINGHAM INDUSTRIES CORPORATION is subject to the jurisdiction and venue of this court.

31. Defendant CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation maintains its principal place of business at 51 West 52nd Street, New York, New York 10019.

32. Defendant CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

33. Defendant CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation is subject to the jurisdiction and venue of this court.

34. Defendant CERTAINTEED CORPORATION is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. CERTAINTEED CORPORATION maintains its principal place of business at 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482.

35. Defendant CERTAINTEED CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

36. Defendant CERTAINTEED CORPORATION is subject to the jurisdiction and venue of this court.

37. Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. CLEAVER-BROOKS, INC. maintains its principal place of business at 11950 W. Lake Park Drive, Milwaukee, Wisconsin 53224.

38. Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

39. Defendant CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc. is subject to the jurisdiction and venue of this court.

40. Defendant CRANE CO. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of

Georgia. CRANE CO. maintains its principal place of business at 100 First Stamford Place, Stamford, Connecticut 06902.

41. Defendant CRANE CO. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

42. Defendant CRANE CO. is subject to the jurisdiction and venue of this court.

43. Defendant CROWN CORK & SEAL USA, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. CROWN CORK & SEAL USA, INC. maintains its principal place of business at 1 Crown Way, Philadelphia, Pennsylvania 19154.

44. Defendant CROWN CORK & SEAL USA, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

45. Defendant CROWN CORK & SEAL USA, INC. is subject to the jurisdiction and venue of this court.

46. Defendant DAP PRODUCTS, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. DAP PRODUCTS, INC. maintains its principal place of business at 2400 Boston Street, Suite 200, Baltimore, Maryland 21224.

47. Defendant DAP PRODUCTS, INC. may be served with Summons and Complaint through its registered agent for service of process, Prentice-Hall Corporation System, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

48. Defendant DAP PRODUCTS, INC. is subject to the jurisdiction and venue of this court.

49. Defendant EATON CORPORATION, individually and as successor in interest to CUTLER-HAMMER, INC., is an Ohio corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. EATON CORPORATION maintains its principal place of business at Eaton Center, Cleveland, Ohio 44114.

50. Defendant EATON CORPORATION, individually and as successor in interest to CUTLER-HAMMER, INC., may be served with Summons and Complaint through its registered agent for service of process, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

51. Defendant EATON CORPORATION, individually and as successor in interest to CUTLER-HAMMER, INC., is subject to the jurisdiction and venue of this court.

52. Defendant EXXON MOBIL CORPORATION is a New Jersey corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. EXXON MOBIL CORPORATION maintains its principal place of business at 5959 Las Colinas Blvd., Irving, Texas 75039.

53. Defendant EXXON MOBIL CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Prentice-Hall Corporation, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

54. Defendant EXXON MOBIL CORPORATION is subject to the jurisdiction and venue of this court.

55. Defendant FAIRBANKS MORSE PUMP CORPORATION is a Kansas corporation that has failed to duly register with the Georgia Secretary of State. FAIRBANKS MORSE PUMP CORPORATION maintains its principal place of business at 13515 Ballantyne Corporate Place, Charlotte, North Carolina 28277.

56. Defendant FAIRBANKS MORSE PUMP CORPORATION may be served with Summons and Complaint through its registered agent for service of process, The Corporation Company, Inc., located at 515 S. Kansas Avenue, Topeka, Kansas 66603.

57. Defendant FAIRBANKS MORSE PUMP CORPORATION is subject to the jurisdiction and venue of this court.

58. Defendant FLOWSERVE US, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. FLOWSERVE US, INC. maintains its principal place of business at 5215 N. O'Connor Boulevard, #2300, Irving, Texas 75039.

59. Defendant FLOWSERVE US, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

60. Defendant FLOWSERVE US, INC. is subject to the jurisdiction and venue of this court.

61. Defendant FOSTER WHEELER NORTH AMERICA CORPORATION is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. FOSTER WHEELER NORTH AMERICA CORPORATION maintains its principal place of business at Perryville Corporate Park, Clinton, New Jersey 08809.

62. Defendant FOSTER WHEELER NORTH AMERICA CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

63. Defendant FOSTER WHEELER NORTH AMERICA CORPORATION is subject to the jurisdiction and venue of this court.

64. Defendant GARLOCK SEALING TECHNOLOGIES, LLC is a North Carolina corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. GARLOCK SEALING TECHNOLOGIES, LLC maintains its principal place of business at 1666 Division Street, Palmyra, New York 14522.

65. Defendant GARLOCK SEALING TECHNOLOGIES, LLC may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

66. Defendant GARLOCK SEALING TECHNOLOGIES, LLC is subject to the jurisdiction and venue of this court.

67. Defendant GENERAL REFRACTORIES COMPANY is a Pennsylvania corporation that has failed to duly register with the Georgia Secretary of State. GENERAL REFRACTORIES COMPANY maintains its principal place of business at 225 City Ave, Suite 114, Bala Cynwyd, Pennsylvania 19004.

68. Defendant GENERAL REFRACTORIES COMPANY may be served with Summons and Complaint through its registered agent for service of process, 225 City Ave, Suite 114, Bala Cynwyd, Pennsylvania 19004.

69. Defendant GENERAL REFRACTORIES COMPANY is subject to the jurisdiction and venue of this court.

70. Defendant GOULDS PUMPS, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. GOULDS PUMPS, INC. maintains its principal place of business in the care of ITT Corporation, 133 Westchester Avenue, White Plains, New York 10604.

71. Defendant GOULDS PUMPS, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

72. Defendant GOULDS PUMPS, INC. is subject to the jurisdiction and venue of this court.

73. Defendant GRINNELL CORPORATION is a Delaware corporation that has failed to register with the Georgia Secretary of State. GRINNELL CORPORATION maintains its principal place of business in New Jersey.

74. Defendant GRINNELL CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1635 Market Street, Philadelphia, Pennsylvania 19103.

75. Defendant GRINNELL CORPORATION is subject to the jurisdiction and venue of this court.

76. Defendant HONEYWELL INTERNATIONAL, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. HONEYWELL INTERNATIONAL, INC.

maintains its principal place of business at 101 Columbia Road, Morristown, New Jersey 07962.

77. Defendant HONEYWELL INTERNATIONAL, INC. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

78. Defendant HONEYWELL INTERNATIONAL, INC. is subject to the jurisdiction and venue of this court.

79. Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company is a New York corporation that has failed to register with the Georgia Secretary of State. INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company maintains its principal place of business at 745 7th Avenue, New York, New York 10119.

80. Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company may be served with Summons and Complaint through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., located at 80 State Street, Albany, New York 12207.

81. Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company is subject to the jurisdiction and venue of this court.

82. Defendant INGERSOLL-RAND COMPANY is a New Jersey corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. INGERSOLL-RAND COMPANY maintains its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

83. Defendant INGERSOLL-RAND COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

84. Defendant INGERSOLL-RAND COMPANY is subject to the jurisdiction and venue of this court.

88. Defendant JOHN CRANE, INC. is a Delaware corporation this is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. JOHN CRANE, INC. maintains its principal place of business at 6400 Oakton Street, Morton Grove, Illinois 60053.

89. Defendant JOHN CRANE, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

90. Defendant JOHN CRANE, INC. is subject to the jurisdiction and venue of this court.

91. Defendant MAREMONT CORPORATION is a Delaware corporation that has failed to duly register with the Georgia Secretary of State. MAREMONT CORPORATION maintains its principal place of business at 504 Carnegie Center, 2nd Floor Princeton, NJ 08540.

92. Defendant MAREMONT CORPORATION may be served with Summons and Complaint through its registered agent for service of process, Corporation Trust Company, 1209 Orange Street, New Castle County, Wilmington DE 19801.

93. Defendant MAREMONT CORPORATION is subject to the jurisdiction and venue of this court.

94. Defendant MONSANTO COMPANY is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. MONSANTO COMPANY maintains its principal place of business at 800 N. Lindbergh Boulevard, Saint Louis, Missouri 63167.

95. Defendant MONSANTO COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

96. Defendant MONSANTO COMPANY is subject to the jurisdiction and venue of this court.

97. Defendant NATIONAL SERVICE INDUSTRIES, f/k/a NORTH BROS., is a California corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. NATIONAL SERVICE INDUSTRIES, INC. maintains its principal place of business at 460 Englewood Avenue, Atlanta, Georgia 30315.

98. Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROS., may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

99. Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROS., is subject to the jurisdiction and venue of this court.

100. Defendant THE OKONITE COMPANY, INC. is a New Jersey corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact

business in the State of Georgia. THE OKONITE COMPANY, INC. maintains its principal place of business at 102 Hilltop Road, Ramsey, New Jersey 07446.

101. Defendant THE OKONITE COMPANY, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

102. Defendant THE OKONITE COMPANY, INC. is subject to the jurisdiction and venue of this court.

103. Defendant PFIZER, INC. is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. PFIZER, INC. maintains its principal place of business at 235 E. 42nd Street, New York, New York 10017.

104. Defendant PFIZER, INC. may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

105. Defendant PFIZER, INC. is subject to the jurisdiction and venue of this court.

106. Defendant SCAPA WAYCROSS, INC. is a Georgia corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. SCAPA WAYCROSS, INC. maintains its principal place of business at 111 Great Pond Drive, Windsor, Connecticut 06095.

107. Defendant SCAPA WAYCROSS, INC. may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

108. Defendant SCAPA WAYCROSS, INC. is subject to the jurisdiction and venue of this court.

109. Defendant SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, maintains its principal place of business at 1415 S. Roselle Road, Palatine, Illinois 60067.

110. Defendant SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

111. Defendant SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, is subject to the jurisdiction and venue of this court.

115. Defendant 3M COMPANY is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. 3M COMPANY maintains its principal place of business at 3M Center, St. Paul, Minnesota 55144.

116. Defendant 3M COMPANY may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Fulton County Georgia 30361.

117. Defendant 3M COMPANY is subject to the jurisdiction and venue of this court.

118. Defendant UNION CARBIDE CORPORATION is a New York corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact

business in the State of Georgia. UNION CARBIDE CORPORATION maintains its principal place of business 2030 Dow Center Tax Department, Midland, MI 48674.

119. Defendant UNION CARBIDE CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C. T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Fulton County Georgia 30361.

120. Defendant UNION CARBIDE CORPORATION is subject to the jurisdiction and venue of this court.

121. Defendant UNIROYAL, INC. is a New Jersey corporation that has failed to register with the Georgia Secretary of State. UNIROYAL, INC. maintains its principal place of business in New Jersey.

122. Defendant UNIROYAL, INC. may be served with Summons and Complaint through its registered agent for service of process, Prentice-Hall Corporation System, located at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

123. Defendant UNIROYAL, INC. is subject to the jurisdiction and venue of this court.

124. Defendant VIMASCO CORPORATION is a West Virginia corporation that has failed to register with the Georgia Secretary of State. VIMASCO CORPORATION maintains its principal place of business in Nitro, West Virginia.

125. Defendant VIMASCO CORPORATION may be served with Summons and Complaint through its registered agent for service of process, William A. Pugh, located at Post Office Box 516, Nitro, West Virginia 25143.

126. Defendant VIMASCO CORPORATION is subject to the jurisdiction and venue of this court.

127. Defendant WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC., is a New Jersey corporation that has failed to duly register with the Georgia Secretary of State. WARREN PUMPS, LLC maintains its principal place of business at 200 American Metro Boulevard, Suite 211, Hamilton, New Jersey 08619.

128. Defendant WARREN PUMPS, LLC may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

129. Defendant WARREN PUMPS, LLC is subject to the jurisdiction and venue of this court.

130. Defendant THE WILLIAM POWELL COMPANY is an Ohio corporation that has failed to register with the Georgia Secretary of State. THE WILLIAM POWELL COMPANY maintains its principal place of business in Cincinnati, Ohio.

131. Defendant THE WILLIAM POWELL COMPANY may be served with Summons and Complaint through its registered agent for service of process, D.R. Cowart, at 2503 Spring Grove Avenue, Cincinnati, Ohio 45214.

132. Defendant THE WILLIAM POWELL COMPANY is subject to the jurisdiction and venue of this court.

133. Defendant WORTHINGTON PUMP, INC. is a Delaware corporation that has failed to register with the Georgia Secretary of State. WORTHINGTON PUMP, INC. maintains its principal place of business in Delaware.

134. Defendant WORTHINGTON PUMP, INC. may be served with Summons and Complaint through its registered agent for service of process, The Corporation Trust

Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

135. Defendant WORTHINGTON PUMP, INC. is subject to the jurisdiction and venue of this court.

136. Defendant YARWAY CORPORATION is a Pennsylvania corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. YARWAY CORPORATION maintains its principal place of business at Suite 200, 10707 Clay Road, Houston, Texas 77041.

137. Defendant YARWAY CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

138. Defendant YARWAY CORPORATION is subject to the jurisdiction and venue of this court.

139. Defendant SEALING EQUIPMENT PRODUCTS COMPANY, INC., previously denominated as JOHN DOE NO. 1 and otherwise referenced in Plaintiffs' original filing as "SEPCO," is an Alabama corporation that has failed to register with the Georgia Secretary of State. SEALING EQUIPMENT PRODUCTS COMPANY, INC. maintains its principal place of business in Birmingham, Alabama.

140. Defendant SEALING EQUIPMENT PRODUCTS COMPANY, INC., previously denominated as JOHN DOE NO. 1 and otherwise referenced in Plaintiffs' original filing as "SEPCO," may be served with Summons and Complaint through its registered agent for service of process at 1819 5th Avenue North, Suite 1100, Birmingham, Alabama 35203.

141. Defendant SEALING EQUIPMENT PRODUCTS COMPANY, INC., previously denominated as JOHN DOE NO. 1 and otherwise referenced in Plaintiffs' original filing as "SEPCO," is subject to the jurisdiction and venue of this court.

142. Defendant FLUOR DANIEL SERVICES CORPORATION, previously denominated as JOHN DOE NO. 2, is a Delaware corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. FLUOR DANIEL SERVICES CORPORATION maintains its principal place of business at 6700 Las Colinas Boulevard, Irving, Texas 75039.

143. Defendant FLUOR DANIEL SERVICES CORPORATION, previously denominated as JOHN DOE NO. 2, may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

144. Defendant FLUOR DANIEL SERVICES CORPORATION, previously denominated as JOHN DOE NO. 2, is subject to the jurisdiction and venue of this court.

145. Defendant GENERAL ELECTRIC COMPANY, previously denominated as JOHN DOE NO. 3, is a New York corporation that is duly registered with the Georgia Secretary of State and otherwise authorized to transact business in the State of Georgia. GENERAL ELECTRIC COMPANY maintains its principal place of business at 1 River Road, Schenectady, New York 12345.

146. Defendant GENERAL ELECTRIC COMPANY, previously denominated as JOHN DOE NO. 3, may be served with Summons and Complaint through its registered agent for service of process, C.T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

147. Defendant GENERAL ELECTRIC COMPANY, previously denominated as JOHN DOE NO. 3, is subject to the jurisdiction and venue of this court.

148. Each Defendant corporation or its predecessor-in-interest was, at all times material hereto, engaged in the design, manufacture, distribution and sale of asbestos-containing products, or alternatively, the mining and processing of asbestos as a component part of asbestos containing products at issue in this action.

149. Defendants JOHN DOE No. 4 through JOHN DOE No. 10 are believed to be Georgia or foreign corporations, partnerships, associations or other legal entities that have transacted business in the State of Georgia and are responsible for the injuries and damages incurred by Plaintiffs. Once the identity and the whereabouts of each John Doe Defendant is established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Defendants JOHN DOE No. 4 through JOHN DOE No. 10 are subject to the jurisdiction and venue of this court.

150. (a) Venue of this action is established as being in Gwinnett County, State of Georgia, under the provisions O.C.G.A. § 51-14-1et seq. in that one or more of the Plaintiffs in this action reside in Gwinnett County, State of Georgia.

(b) Pursuant to the provisions of O.C.G.A. § 51-14-1et seq., Plaintiffs include certain additional information provided for under said statute as set forth on Attachment "A" to their Complaint, which is incorporated by reference as if fully set forth herein. Plaintiffs expressly reserve the right to challenge the entirety of the provisions of O.C.G.A. § 51-14-1, et seq., to the extent applicable to this action, and by filing this action in Gwinnett County, or by including any information in this Complaint otherwise provided for or suggested by O.C.G.A. § 51-14-1,et seq., do not waive any such

challenge in regard to the constitutionality or application of such statutory provisions to this action.

(c) Plaintiffs hereby supplement their previously filed Sworn Information Form to include the following information:

i. Plaintiffs' decedent was exposed to various asbestos-containing products sold, distributed and/or installed by Fluor Daniel Services Corporation at the Coosa River Newsprint Company between 1949 and 1954;

ii. Plaintiffs' decedent was exposed to various asbestos-containing products designed, manufactured, sold and distributed by General Electric Company used in the power plant facility at the Rayonier facility in Jesup, Georgia, between 1954 and 1985.

**FIRST CAUSE OF ACTION**

**(Negligence)**

151. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

152. WILLIAM H. THURMON, SR., deceased, was exposed to asbestos-containing materials and asbestos-containing products that were mined, manufactured, processed, imported, converted, compounded, sold, distributed, purposefully included as a component part, purposefully specified as a replacement component part, maintained, installed by the Defendants, or, as the case may be, the Defendant's product caused or resulted in the release of unreasonably dangerous levels of asbestos dust into the air, or the Defendants themselves undertook to disturb and/or manipulate asbestos products in the presence of the decedent in a manner that contributed to his injuries and death.

WILLIAM H. THURMON, SR., deceased, inhaled and absorbed asbestos fibers emanating from various asbestos-containing products as a direct and proximate result of the acts and omissions of each Defendant. As a direct and proximate result of each Defendant's acts of negligence, WILLIAM H. THURMON, SR., deceased, developed malignant pleural mesothelioma, a terminal form of cancer caused by asbestos exposure.

153. At all times relevant hereto, each Defendant knew, or should have known, that its products would be used without inspection for defects and that any such inspection would not have advised WILLIAM H. THURMON, SR., deceased, or other individuals who were using said products in his presence, of the fact that the asbestos contained in or used in conjunction with such products could cause significant bodily injury including the terminal condition which WILLIAM H. THURMON, SR., deceased, developed. Such facts made each of the Defendant's products inherently and unreasonably dangerous in that WILLIAM H. THURMON, SR., deceased, was not adequately appraised of, and did not contemplate or appreciate, the danger of contracting a deadly asbestos-related disease as a result of his use of, proximity to, exposure to, and inhalation of, the asbestos fibers contained in, or emanating from, each of the Defendant's products or the products that Defendants were putting to use.

154. Each Defendant was in the business of designing, manufacturing, selling, distributing, and/or maintaining products that contained asbestos, or alternatively through their customary and intended use resulted in the disbursement of unreasonably dangerous levels of asbestos fibers into the air that WILLIAM H. THURMON, SR., deceased, breathed at all times relevant to this action. Each Defendant knew, or should have known, that WILLIAM H. THURMON, SR., deceased, and others similarly situated, would

come in contact with asbestos contained in, or emanating from, their products or activities and would be exposed to an unreasonable risk of harm due to the inhalation of the asbestos fibers associated with their products or activities. Each Defendant knew, or should have known, that WILLIAM H. THURMON, SR., deceased, or others similarly situated, would be in danger of developing asbestos-related diseases such as asbestosis, mesothelioma, or other forms of cancer. Each Defendant was negligent in one, some, or all of the following respects, and such negligence was the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, injuries and disabilities:

a. In failing to adequately warn WILLIAM H. THURMON, SR., deceased, of the dangerous characteristics of their products and failing to warn WILLIAM H. THURMON, SR., deceased, that he could develop fatal injuries including, but not limited to, mesothelioma and other forms of cancer as a result of being exposed to asbestos dust originating or emanating from each Defendant's products.

b. In failing to provide WILLIAM H. THURMON, SR., deceased, with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any existed, to protect him from being harmed and disabled by asbestos dust originating or emanating from each Defendant's products.

c. In failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling, installing, or using asbestos materials in relating to their product.

d. In continuing to manufacture, sell, and distribute products that posed a danger to WILLIAM H. THURMON, SR., deceased, and others, due to asbestos dust

originating or emanating from each Defendant's products, when each Defendant knew, or should have known, that use of their products would cause injuries or death from use of their product.

e. In affirmatively misrepresenting to WILLIAM H. THURMON, SR., deceased, and other members of the public, in advertising, labels, and otherwise, that the products that they manufactured, sold, distributed, or otherwise put in use, were safe in their ordinary and foreseeable use. These material misrepresentations induced WILLIAM H. THURMON, SR., deceased, to unknowingly expose himself to the hazards of developing injuries, including mesothelioma and other forms of cancer, from asbestos dust.

f. In failing to adequately test their respective products before offering them for sale and use so that WILLIAM H. THURMON, SR., deceased, and other persons similarly situated, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' products and thereby expose Mr. Thurmon and others to the development of injuries from mesothelioma or other forms of cancer.

g. In failing to remove and recall their unreasonably dangerous products from the stream of commerce and the marketplace upon ascertaining that use of such products would result in contaminating with asbestos dust the air that WILLIAM H. THURMON, SR., deceased, and others, would breathe and which originated or emanated from each Defendant's products.

h. In failing to warn or advise WILLIAM H. THURMON, SR., deceased, and others similarly situated, whom Defendants either knew or should have known would be,

or had been, exposed to the danger of inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their products, as to the dangers associated with such products and to avoid or cease all future exposure to asbestos dust and fibers due to the increasing danger associated with each exposure.

i. In failing to warn or advise WILLIAM H. THURMON, SR., deceased, and others similarly situated, whom the Defendants either knew or should have known would be, or had been, exposed to asbestos dust originating or emanating from each Defendant's products, of the danger associated with the inhalation of such dust, as well as the continuing danger to Mr. Thurmon, and all of Mr. Thrumon's family members, as a result of asbestos dust originating or emanating from each Defendant's products and found on the work clothes and tools of those worked with and around Defendants' products.

155. The products that caused WILLIAM H. THURMON, SR., deceased, to be exposed to asbestos dust were at all times relevant to this action being used in the manner in which the Defendants intended them to be used.

156. The Defendants' products failed to perform as safely as WILLIAM H. THURMON, SR., deceased, and others similarly situated, expected they would in that the products caused Mr. Thurmon and others to develop injuries as a result of inhalation of the asbestos dust originating or emanating from each Defendant's products.

157. At all times relevant hereto, it was feasible for each Defendant to have:

a. adequately warned WILLIAM H. THURMON, SR., deceased, of the dangers associated with their products;

b. further tested their products to appreciate and eliminate any danger associated with their use;

c. designed a safer product; and

d. substituted asbestos-free products where applicable.

158. The Defendants' negligent, grossly negligent, willful, wanton, and reckless conduct, as described herein, was the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, illness and injuries, as a result of which, Mr. Thurmon suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

159. Plaintiffs are entitled to recover damages against each Defendant for their individual and collective acts of negligence in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Product Liability)**

160. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

161. Each Defendant's asbestos-containing product was sufficiently defective to cause Defendants to be liable to Plaintiffs. Each Defendant's products were defective, *inter alia*, in their design, manufacture, and lack of proper or sufficient warnings. The subject products possessed latent characteristics and latent manufacturing and design defects existing at the time they were manufactured and at the time WILLIAM H. THURMON, SR., deceased, was exposed to them through his occupational exposure to said products. Each Defendant either knew, or in the exercise of reasonable care should have known,

that their products would cause injuries in the form of asbestosis, lung cancer, mesothelioma, or other forms of cancer, to those individuals, such as Mr. Thurmon, who were required to work with and around products containing asbestos.

162. At the time the Defendants sold and delivered the products which resulted in WILLIAM H. THURMON, SR., deceased's, exposure to asbestos dust, and at the time those products were used in the manner and environment intended and without substantial change affecting their condition, the products contained latent characteristics or latent manufacturing and design defects, and were defective and unreasonably dangerous and unfit for their intended use in that:

a. They were defectively designed to contain asbestos, or to result in the disbursement of asbestos dust, a substance which is deleterious, poisonous, and highly harmful to WILLIAM H. THURMON, SR., deceased, and others similarly situated.

b. They contained inadequate warnings and otherwise failed to contain a warning sufficient to advise WILLIAM H. THURMON, SR., deceased, that the asbestos dust associated with their intended use was poisonous and extremely harmful to their health.

c. They did not contain sufficient protective appliances or equipment to reduce or eliminate WILLIAM H. THURMON, SR., deceased's, inhalation of the poisonous and highly harmful asbestos fibers associated with use of the products.

163. The Defendants were engaged in the distribution and sale of products that, without substantial change in the condition in which each Defendant sold them, were the proximate cause of WILLIAM H. THURMON, SR., deceased's, injury.

164. Each Defendant and its predecessor in interest knew that its products would be used without inspection for defects, and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation, and replacement of those products.

165. WILLIAM H. THURMON, SR., deceased, was unaware of the hazards and defects in the products of the Defendants, which made those products unsafe for the purposes of using, handling, installing, or removing the products, to the degree that those products would cause Mr. Thurmon to develop mesothelioma and other related physical conditions.

166. At all times relevant hereto, the products of each of the Defendants were used in the manner intended by the Defendants.

167. The Defendants' unreasonably dangerous and defective products were the direct and proximate cause of WILLIAM H. THURMON, SR., deceased's, injuries, and, as a result, Mr. Thurmon suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

168. Plaintiffs are entitled to recover damages against each Defendant under a theory of product liability, which includes both strict liability and negligence, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**(Specific to Defendant NSI/North Brothers)**

169. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

170. At all times relevant to Plaintiffs' Complaint, Defendant NSI/North Brothers was a company that bought, sold, distributed, designed, manufactured, installed, and removed various asbestos-containing products.

171. Defendant NSI/North Brothers was present and engaged in the process of installing and removing asbestos containing products at one or more of WILLIAM H. THURMON, SR., deceased's, work sites and engaged in activities that Defendant NSI/North Brothers knew or should have known created an unreasonable risk of injury or harm to Mr. Thurmon.

172. Defendant NSI/North Brothers failed to warn WILLIAM H. THURMON, SR., deceased, of the inherent dangers associated with its work or to take sufficient action to protect him and others from the dangers associated with its work.

173. WILLIAM H. THURMON, SR., deceased, was without any knowledge that the work being performed by Defendant NSI/North Brothers created an unreasonable risk of injury or harm to him.

174. Plaintiffs limit their claims against Defendant NSI/North Brothers to the following specific activities undertaken by said Defendant in the presence of WILLIAM H. THURMON, SR., deceased:

a) Defendant NSI/North Brothers' creation of asbestos-containing dust in the air breathed by Mr. Thurmon due to the manipulation (cutting, sawing, handling and mixing) of asbestos-containing insulation products prior to the time the manipulated piece of insulation was actually affixed to any pipe or piece of equipment located at a worksite where Mr. Thurmon was present;

b) Defendant NSI/North Brothers' creation of asbestos-containing dust, in the air breathed by Mr. Thurmon, emanating from construction debris and waste

products associated with, and resulting from, the cutting, sawing, mixing, manipulating, or the act of removing asbestos-containing insulation products at a worksite where Mr. Thurmon was present; and

c) Defendant NSI/North Brothers' creation of asbestos-containing dust, in the air breathed by Mr. Thurmon, emanating from asbestos-containing insulation products after they had been physically separated and removed from any pipe or piece of equipment located at a worksite where Mr. Thurmon was present.

175. Plaintiffs expressly waive any claim that they may have against Defendant NSI/North Brothers' associated with any undisturbed, in-place insulation, which was, at the time of WILLIAM H. THURMON, SR., deceased's, exposure, physically attached to the premises.

176. As a direct and proximate result of the acts and omissions of Defendant NSI/North Brothers, WILLIAM H. THURMON, SR., deceased, was injured and incurred damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Survival Action)**

177. Plaintiff JIM CHAMBERS adopts and re-alleges each paragraph above, as if fully set forth herein, and pleads as follows:

178. The pre-death injuries sustained by WILLIAM H. THURMON, SR., deceased, (hereinafter "the Decedent") were the direct and proximate result of the acts and omissions of the Defendants, as previously set forth under Plaintiffs' Complaint.

179. As a direct and proximate result of the acts and omissions of each Defendant, Decedent was injured and suffered damages prior to his death, which Plaintiff JIM

CHAMBERS, in his capacity as Executor of the Estate of William H. Thurmon, Sr., deceased, is now entitled to recover. Such damages include, but are not limited to, pre-death physical injury; pre-death physical pain and suffering; pre-death mental pain and suffering; pre-death impairment, disability and disfigurement; loss of capacity to enjoy life; loss of capacity to work or earn a living; loss of time in life that could have been spent doing things other than going to doctors, physically suffering, undergoing medical procedures, pre-death expenses of hospitalization, medical care, nursing care, hospice care, other treatment and medical monitoring, pre-death fear and mental anguish associated with the Decedent's impending death; as well as all other special and general damages permitted under law.

180. Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., deceased, is entitled to recover from each of the Defendants for all pre-death injuries and damages incurred by WILLIAM H. THURMON, SR., deceased, as provided by law.

**FIFTH CAUSE OF ACTION**

**(Punitive Damages)**

181. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

182. The conduct of each Defendant, as set forth hereinabove, showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against each Defendant pursuant O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter each Defendant from repeating or

continuing such unlawful conduct.

## SIXTH CAUSE OF ACTION

**(Wrongful Death)**

183. Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS adopt and re-allege each paragraph above as if fully set forth herein.

184. At the time of his death, WILLIAM H. THURMON, SR., deceased, was eighty-four (84) years of age and had a reasonable life expectancy of greater than or equal to 5.18 years.

185. As WILLIAM H. THURMON, SR., deceased's, surviving children, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS are the statutory beneficiaries authorized to maintain the present action against the Defendants for the homicide and wrongful death of WILLIAM H. THURMON, SR., deceased, as provided under O.C.G.A. § 51-4-2.

186. As a direct and proximate result of the homicide and wrongful death of WILLIAM H. THURMON, SR., deceased, as caused by the acts and omissions of each Defendant, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS, as his only surviving children, have been forever deprived of WILLIAM

H. THURMON, SR.'s love, aid, support, services, and companionship. By reason of the negligent and intentional acts of the Defendants which resulted in the homicide and premature death of WILLIAM H. THURMON, SR., deceased, Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS are entitled to recover from the Defendants a sum equal to the full value of WILLIAM H. THURMON, SR.'s life.

**DAMAGES**

187. As a result of the individual, combined, and concurring acts and omissions of Defendants as set forth hereinabove, each above-named Defendant caused or contributed to cause injuries to the Decedent for which Plaintiffs may recover. Such damages include damages which may be recovered for:

a. The homicide and wrongful death of the WILLIAM H. THURMON, SR., deceased, entitling Plaintiffs MIKE THURMON, MARY K. THURMON, HELEN JOHNSON, WILLIAM H. THURMON, JR., GEORGE THURMON, ESTHER RIDENHOUR, MARK THURMON, PATRICIA GUTHRIE, JOAN GREENLEES, and JULIE CHAMBERS to recover the full value of WILLIAM H. THURMON, SR.'s life, as well as all other damages permitted under law;

b. Expenses associated with the last illness, death, and burial of WILLIAM H. THURMON, SR., deceased;

c. Pre-death physical injury, pain and suffering, disability, impairment, lost capacity to enjoy life, mental anguish, and lost earnings, as well as

punitive damages in an amount to be proven at trial, which may be recovered by Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., deceased;

d. Pre-death medical expenses in an amount to be proven at trial; and

e. Pre-death fear and mental anguish concerning existing and future medical problems, including, but not limited to, mesothelioma and all other medical problems associated therewith, in an amount to be proven at trial.

**WHEREFORE, Plaintiffs pray:**

(a) That each Defendant be lawfully served with a copy of Plaintiffs' Complaint and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

(b) That Plaintiffs be granted a trial by jury in this matter;

(c) That the Court enter judgment against each Defendant, jointly and severally, for the wrongful death of WILLIAM H. THURMON, SR., deceased, and award Plaintiffs the full value of WILLIAM H. THURMON, SR., deceased's, life, in addition to all other damages permitted under law;

(d) That the Court enter judgment against each Defendant, jointly and severally, for all general and compensatory damages surviving in favor of the Estate of WILLIAM H. THURMON, SR., deceased, including all pre-death injuries and pre-death pain and suffering inflicted upon WILLIAM H. THURMON, SR., deceased;

(e) That the Court enter a judgment against each Defendant, jointly and severally, for all special damages allowable to Plaintiffs;

(f) That the Court enter a judgment against each Defendant serving to award Plaintiff JIM CHAMBERS, in his capacity as Executor of the Estate of WILLIAM H. THURMON, SR., punitive damages under the provisions of O.C.G.A. § 51-12-5.1;

(g) That the Court enter a judgment against each Defendant, jointly and severally, for all other relief sought under this Complaint; and

(h) That the Court grant Plaintiffs such further relief which the Court deems just and necessary.

This 25th day of April, 2011.

Robert C. Buck
Georgia Bar No. 092495
James R. Vergura
Georgia Bar No. 962950



BUCK LAW FIRM
ATTORNEYS AT LAW
Suite 940
1050 Crown Pointe Parkway
Atlanta, Georgia 30338
(678) 338-4999 Telephone
(678) 338-4990 Facsimile
rbuck@buckfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **MIKE THURMON, ET AL.** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION FILE NO.: 10C-08483-3** |
| | ) | |
| **GEORGIA-PACIFIC, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**CERTIFICATE OF SERVICE**

This shall certify that I have this date served a true and exact copy of the foregoing on all known counsel as follows, and through defense liaison counsel, via electronic mail:

Jennifer M. Techman, Esq.
EVERT WEATHERSBY HOUFF
3405 Piedmont Road, Suite 200
Atlanta, GA 30305
jmtechman@ewhlaw.com
**Counsel for Foster Wheeler Energy Corp.**

Ivan A. Gustafson, Esq.
David L. Boohaker, Esq.
EVERT WEATHERSBY HOUFF
3405 Piedmont Road, Suite 200
Atlanta, GA 30305
iagustafson@ewhlaw.com
dlboohaker@ewhlaw.com
**Counsel for Monsanto Company and The Okonite Company, Inc.**

Ivan A. Gustafson, Esq.
Frances L. Spinelli, Esq.
EVERT WEATHERSBY HOUFF
3405 Piedmont Road, Suite 200
Atlanta, GA 30305
iagustafson@ewhlaw.com
flspinelli@ewhlaw.com
**Counsel for CBS Corp.; Fluor Daniel Services Corporation**

N. Karen Deming, Esq.
Jeremy P. Burnette, Esq.
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308
kay.deming@troutmansanders.com
jeremy.burnette@troutmansanders.com
**Counsel for 3M Company**

Saunders Aldridge, Esq.
Bates Lovett, Esq.
HUNTERMACLEAN
200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
saldridge@huntermaclean.com
blovett@huntermaclean.com
**Counsel for Ingersoll-Rand Company**

Ollie M. Harton, Esq.
Todd E. Schwartz, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
oharton@hptylaw.com
tschwartz@hptylaw.com
**Counsel for John Crane, Inc.; Sealing Equipment Products Company, Inc.; Exxon Mobil Corporation; Flowserve US, Inc.**

M. Elizabeth O'Neill, Esq.
Ernest L. Wetzler II, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
eoneill@hptylaw.com
ewetzler@hptylaw.com
**Counsel for Cleaver Brooks, Inc.**

H. Lane Young II, Esq.
S. Christopher Collier, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE

Atlanta, GA 30308
lyoung@hptylaw.com
ccollier@hptylaw.com
**Counsel for Eaton Corporation & Scapa Waycross, Inc.**

Frank C. Bedinger III, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
fbedinger@hptylaw.com
**Counsel for The William Powell Company**

Debra K. Haan, Esq.
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 E. Paces Ferry Road NE
Suite 1700
Atlanta, GA 30326
dhaan@grsmb.com
**Counsel for Goulds Pumps, Inc.**

K. Marc Barré, Esq.
Bradley S. Wolff, Esq.
SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street NE
Atlanta, GA 30309
marc.barre@swiftcurrie.com
brad.wolff@swiftcurrie.com
**Counsel for Crown Cork & Seal USA, Inc.**

David C. Marshall, Esq.
William T. Wood III, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
dmarshall@hptylaw.com
wwood@hptylaw.com
**Counsel for National Service Industries, Inc.**

Peter R. York, Esq.
L. Kristin Brock, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE

Atlanta, GA 30308
pyork@hptylaw.com
kbrock@hptylaw.com
**Counsel for DAP, Inc.**

Sharon Leah Neal, Esq.
Jeff Peters, Esq.
PETERS & MONYAK, LLP
One Atlanta Plaza
950 East Paces Ferry Road NE
Atlanta, GA 30326
sneal@petersmonyak.com
japeters@petersmonyak.com
**Counsel for Schneider Electric USA, Inc. f/k/a Square D Company**

Michael E. Hutchins, Esq.
Robyn King Richards, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
One Midtown Plaza, Suite 1150
1360 Peachtree Street NE
Atlanta, GA 30309
mhutchins@kasowitz.com
rking@kasowitz.com
**Counsel for Maremont Corporation**

E. Elaine Shofner, Esq.
Elisabeth M. Cheatham, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
eshofner@hptylaw.com
echeatham@hptylaw.com
**Counsel for Industrial Holdings Corporation; CertainTeed Corporation; Bayer Cropscience, Inc.; Union Carbide Corporation; Warren Pumps, LLC; General Refractories Company**

M. Anne Kaufold-Wiggins, Esq.
E. Righton Johnson, Esq.
James L. Hollis, Esq.
BALCH & BINGHAM, LLP
30 Ivan Allen Jr. Boulevard NW
Suite 700
Atlanta, GA 30308
awiggins@balch.com
erjohnson@balch.com

jhollis@balch.com
**Counsel for Honeywell International, Inc.**

S. Samuel Griffin, Esq.
Rahmah A. Abdulaleem, Esq.
KING & SPALDING, LLP
1180 Peachtree Street NE
Atlanta, GA 30309
sgriffin@kslaw.com
raabdulaleem@kslaw.com
**Counsel for Honeywell International, Inc.**

Lee Ann Anand, Esq.
Melinda L. Moseley, Esq.
Allison C. Ford, Esq.
NELSON MULLINS
201 17th Street NW
Suite 1700
Atlanta, GA 30363
leeann.anand@nelsonmullins.com
melinda.moseley@nelsonmullins.com
allison.ford@nelsonmullins.com
**Counsel for Yarway Corporation; Georgia-Pacific, LLC; Crane Co.; Pfizer, Inc.**

J.D. Dalbey Jr., Esq.
Chilivis, Cochran, Larkins & Bever, LLP
3127 Maple Drive
Atlanta, GA 30305
jdd@cclblaw.com
**Counsel for General Electric Company**

Calvin T. Vick Jr., Esq.
Moffatt G. McDonald, Esq.
W. David Conner, Esq.
Scott E. Frick, Esq.
HAYNSWORTH SINKLER BOYD, P.A.
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602
tvick@hsblawfirm.com
mmcdonald@hsblawfirm.com
dconner@hsblawfirm.com
sfrick@hsblawfirm.com
**Counsel for Fluor Daniel Services Corporation**

This 25th day of April, 2011.

Robert C. Buck
Georgia Bar No. 092495

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **MIKE THURMON, ET AL.** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION FILE NO.: 10C-08483-3** |
| | ) | |
| **GEORGIA-PACIFIC, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**CERTIFICATE OF SERVICE**

This shall certify that I have this date served a true and exact copy of the foregoing on the registered agent for General Electric Company, by placing same in the United States Mail, with proper postage affixed thereon to ensure delivery, to wit:

General Electric Company
c/o Registered Agent for Service of Process
C.T. Corporation System
1201 Peachtree Street NE
Atlanta, Georgia 30361

This 25th day of April, 2011.

Robert C. Buck
Georgia Bar No. 092495





BUCK LAW FIRM
ATTORNEYS AT LAW
SUITE 940
1050 CROWN POINTE PARKWAY
ATLANTA, GEORGIA 30338

**TO:**

General Electric Company
c/o Registered Agent for Service of Process
C.T. Corporation System
1201 Peachtree Street NE
Atlanta, GA 30361